# EMPIRE COAL AND TRANSPORTATION COMPANY *v.* EMPIRE COAL AND MINING COMPANY.

## APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE MIDDLE DISTRICT OF TENNESSEE.

No. 60. Submitted October 25, 1893. — Decided November 6, 1893.

A bill in equity in the Circuit Court of the United States in Tennessee, by a corporation organized under the laws of the State of Kentucky, against another company described as a corporation organized under the laws of that State and having its principal office in the district in which the suit was brought, and against five individuals, citizens of a county within that district, prayed " that the parties named as defendants be made such," and for a reconveyance and an account of property of the plaintiff, alleged to have been fraudulently caused by the individual defendants to be conveyed to the defendant corporation, and to have been wasted and injured by all the defendants. The individual defendants demurred for want of jurisdiction. The plaintiff thereupon, by leave of court, filed an amended bill, which " refers to the original bill and its prayer, and makes the same a part hereof, as if set out herein *in hæc verba;* " and further alleged that the individual defendants, in pursuance of their fraudulent scheme, pretended to procure from the State of Kentucky a charter under the name of the company " which is the same corporation mentioned in the original bill," and caused the plaintiff's property to be conveyed " to said pretended corporation," but this company was never lawfully organized, and the individual defendants controlled it and were doing business as a partnership under its name; and prayed that the parties defendants to the original bill be made defendants to this amended bill, and that the individual defendants be made defendants as partners under the name of the company, and be made to account personally and individually. *Held,* that this company, as a corporation of Kentucky, was a party defendant to the amended bill of the plaintiff, likewise a Kentucky corporation; and that the amended bill must therefore be dismissed for want of jurisdiction.

THE case is stated in the opinion.

*Mr. A. H. Garland* and *Mr. H. J. May* for appellant.

No appearance for appellees.

Mr. Justice Gray delivered the opinion of the court.

This is an appeal from a decree of the Circuit Court of the United States for the Middle District of Tennessee, (within which lie the city of Nashville and the county of Davidson,) by which a bill in equity, after having been twice amended, and the plaintiff having declined to amend further, was dismissed on demurrer for want of jurisdiction, because it showed that the plaintiff and one of the defendants were corporations of the State of Kentucky, and alleged no ground of jurisdiction except the citizenship of the parties.

The sole plaintiff is the Empire Coal and Transportation Company, a corporation incorporated and duly organized under the laws of the State of Kentucky. The principal question in the case is whether the Empire Coal and Mining Company is a party defendant to the second amended bill.

The original bill, filed April 6, 1886, named as defendants " the Empire Coal and Mining Company, a corporation organized under the laws of the State of Kentucky, and whose principal office is in Nashville, Tennessee," and five individuals, " all citizens of Davidson County, Tennessee;" alleged that those individuals, being directors and stockholders in the plaintiff corporation, by conspiracy and fraud, and through various conveyances and transactions particularly set forth in the bill and the exhibits thereto annexed, caused all its coal lands and other property to be conveyed to one of them, and " procured to be incorporated the defendant, the Empire Coal and Mining Company, for the purpose of mining, &c., with its principal office located at Nashville, Tennessee, under and by virtue of an act of the legislature of Kentucky," of which they were and had since been the stockholders and directors, and, upon its organization, caused him to convey to it, as such corporation, all the plaintiff's property, and that the defendant corporation, as well as the other defendants, wasted and greatly injured that property. The bill prayed " that the parties named as defendants be made such, and be required to answer," and for a reconveyance of the property, an account, an injunction and further relief, against all the defendants.

That the Empire Coal and Mining Company, as a corporation of Kentucky, was a party defendant to the bill as originally framed, cannot be doubted.

An amended bill, filed October 26, 1886, alleged that " the Empire Coal and Mining Company is but the creature of " the individual defendants, " who own all its pretended stock, rights, and franchises," and " was brought into existence by them as a part of the fraudulent scheme heretofore set out," and " is insolvent, and has nothing more than the nominal possession of " the plaintiff's property, and that all the profits thereof had been appropriated by the individual defendants; and prayed that they, " all citizens of Davidson County and within the jurisdiction of this court, and the said so-called Empire Coal and Mining Company, having its principal office and officers in Davidson County, Tennessee, and within the jurisdiction of this court, be made defendants, and be served with process, and be required to answer," and that " the pretended conveyance " of the plaintiff's property from one of them " to the so-called Empire Coal and Mining Company be declared held in trust for complainant, and that said Empire Coal and Mining Company be declared to be invested with such title as it may have in trust for the complainant," and for other specific and general relief against all the defendants. The bill, as thus amended, still treated the Empire Coal and Mining Company as an existing corporation of Kentucky, and as a party defendant.

On November 24, 1887, a demurrer of the individual defendants was sustained, and the bill ordered to be dismissed for want of jurisdiction, unless the plaintiff should so amend " as to dismiss as to all defendants who are citizens of the same State with itself."

The second amended bill, filed by leave of court on January 5, 1888, repeats the allegations of the first amended bill as to the Empire Coal and Mining Company ; and further states and charges that the individual defendants, in further pursuance of their fraudulent scheme, and for the purpose of better concealing their frauds and wrong doings, " pretended to procure from the State of Kentucky a charter under the name and

style of the Empire Coal and Mining Company, which is the same corporation mentioned and referred to in the original and amended bills; and said defendants conveyed to said pretended corporation all the properties belonging to complainant and mentioned in said bills and converted by said defendants, as stated, to their own use and benefit;" "that no organization was ever had or attempted to be had in the State of Kentucky, which is required by the laws of that State; but that all the meetings of the so-called directors of said pretended corporation were held in the city of Nashville, Tennessee, and the principal office located in said city;" and "therefore charges that in no sense is said corporation legally and validly organ-- ized, but that said five defendants still hold and possess all complainant's property, rights, and privileges, as set out in said bills, and that said corporation is nothing more than a partnership owned and controlled by said five defendants, who are all citizens of Tennessee, and are doing business under the name and style of the Empire Coal and Mining Company." In this last bill, the plaintiff prays "that the party defendants to its original and amended bills, heretofore filed in this cause, be made defendants to this amended bill," and that the five individuals aforesaid "be made defendants as partners doing business under the name and style of the Empire Coal and Mining Company, and that proper and necessary process issue to this end;" and that "they be made to account personally and individually, as prayed in this and the original and amended bills; and that the title to said properties be declared to be held by said defendants, whether in their own name or under the name of the Empire Coal and Mining Company, for the use and benefit of complainant, and that the title to said property be divested, and vested in complainant;" "and for such other and further relief as to equity may belong."

Moreover, which is significant and decisive, each of the amended bills not only recites the substance of the original bill, but expressly "refers to said original bill, its prayer and exhibits thereto, and makes the same a part hereof, as if set out herein *in hæc verba*." The original bill, as has been seen, made the Empire Coal and Mining Company, as a corporation

organized under the laws of Kentucky, a party defendant, in the description of the parties, in the body of the bill, and in the prayer for relief.

The conclusion is irresistible, that the bill, as finally amended, is so framed as to hold this company, and all the members thereof, whether it is a corporation or only a partnership; and, therefore, that this company, as a Kentucky corporation, is a party defendant to the second amended bill of the plaintiff (likewise a Kentucky corporation) as well as to each of its former bills, and might have been held liable as such, had the suit proceeded to a decree for the plaintiff.

Such being the case, as shown by the record, its decision is not difficult, but it is governed by well-settled rules. By the Constitution and laws of the United States, the jurisdiction of the Circuit Courts, on the ground of the citizenship of the parties, extends only to suits between citizens of different States; and within the meaning of those laws, as construed by this court, a corporation is a citizen of that State only, by which it is created. By the act of March 3, 1875, c. 137, § 1, (in force when the original bill and the first amended bill were filed,) permitting, in " a controversy between citizens of different States," a person to be sued in any district in which he either was an inhabitant or was found, a corporation might indeed be sued in any State in which it did business and had an agent, provided, always, it was not a citizen of the same State with the plaintiff. Under the act of March 3, 1887, c. 373, § 1, (in force when the second amended bill was filed,) providing that " where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant," a corporation, incorporated in one State only, cannot be compelled to answer in another State in which it has a usual place of business, and of which the plaintiff is not a citizen. But, under either statute, if the parties are not citizens of different States, there is an entire want of jurisdiction, which cannot be waived by the parties, but will be noticed by the court of its own motion. 18 Stat. 470; 24 Stat. 552; *Shaw* v. *Quincy Mining Co.*, 145 U. S. 444, and

cases there collected; *Southern Pacific Co.* v. *Denton*, 146 U. S. 202; *Wolfe* v. *Hartford Ins. Co.*, 148 U. S. 389.

The two corporations on the opposite sides of this case being corporations of the same State, neither of them could maintain an action against the other in a Circuit Court of the United States, whether held in that State or in any other State, even if the defendant had a place of business in the latter. The second amended bill was therefore rightfully dismissed for want of jurisdiction, even if it should be treated as controlled by the act of 1875; and it is unnecessary to consider whether that act or the act of 1887 defines the jurisdiction over this bill, filed after the passage of the latter act.

*Decree affirmed.*