## UNITED STATES v. SPOKANE MILL CO.

### (District Court, E. D. Washington, N. D. May 8, 1913.)

### No. 88.

1. ABATEMENT AND REVIVAL (§ 39*)—DISMISSAL—REINSTATEMENT AFTER DISSOLUTION OF CORPORATION.

An action against a corporation, which has been dismissed for want of prosecution, with leave to move to reinstate, will not be reinstated, where it appears that the corporation has been dissolved by operation of the state law under which it was created.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 194–204; Dec. Dig. § 39.*]

2. COURTS (§ 366*)—UNITED STATES COURT—DECISION OF STATE COURT AS AUTHORITY—CORPORATE RIGHTS.

The effect of the failure of a corporation to pay the annual license fee required by the state statute is a question of local law, upon which the decision of the state court is final.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 954–957, 960–968; Dec. Dig. § 366.*]

3. ABATEMENT AND REVIVAL (§ 39*)—DISSOLUTION OF CORPORATION.

The dissolution of a corporation abates an action pending against it at the time of its dissolution, in the absence of a special statute to the contrary.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 194–204; Dec. Dig. § 39.*]

Action by the United States against the Spokane Mill Company, a corporation. On motion of the United States for reinstatement of the action, which had been dismissed for want of prosecution. Motion denied.

Oscar Cain, U. S. Atty., of Spokane, Wash.

RUDKIN, District Judge. The present action was commenced on the 13th day of May, 1892, almost 21 years ago, to recover the value of certain timber removed from the public domain. The appearance docket shows that certain proceedings were had in the action during the years 1892 and 1893, but no further steps were taken until the 5th day of April, 1898, when a motion for a continuance was filed, by which party does not appear, as the motion itself is not among the files. The case was then permitted to lie dormant until the 8th day of October, 1912, when it was dismissed by the court, of its own mo-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tion, for want of prosecution, with leave to move to reinstate within 60 days.

[1] A motion to reinstate has been interposed, and under ordinary circumstances the motion would be granted; but the attorney for the government admits that the defendant corporation was dissolved by operation of the laws of the state of Washington several years ago for failure to pay its annual license fee, and in the face of this admission it would be an idle formality to reinstate the case, only to dismiss it upon another ground.

[2, 3] In Hawley v. Bonanza Queen Mining Co., 61 Wash. 90, 111 Pac. 1073, the court held that a corporation organized under the laws of this state was dissolved by operation of law for failure to pay its annual license fee for a period of two years, or to apply for reinstatement within the time prescribed by law thereafter, and that such dissolution during the pendency of an action abated the action by mere operation of law. The proposition that a corporation is dissolved by operation of law for failure to pay its annual license fee presents a mere question of local law, upon which the decision of the highest court of the state is final, and the proposition that the dissolution of the corporation abates an action pending against it is fully supported by the decisions of the Supreme Court of the United States.

In National Bank v. Colby, 88 U. S. (21 Wall.) 609, 22 L. Ed. 687; Mr. Justice Field said:

"With the forfeiture of its rights, privileges, and franchises the corporation was necessarily dissolved, as the decree adjudged. Its existence as a legal entity was thereupon ended; it was then a defunct institution, and judgment could no more be rendered against it in a suit previously commenced than judgment could be rendered against a dead man, dying pendente lite. This is the rule with respect to all corporations whose charter existence has come to an end, either by lapse of time or decree of forfeiture, unless by statute pending suits be allowed to proceed to judgment notwithstanding such dissolution. The prolongation of the corporate life for this specific purpose as much requires special legislative enactment as does the original creation of the corporation. No such enactment is found in the act of Congress authorizing the creation of national banks and prescribing their powers, nor is there any provision elsewhere that we are aware of which would prevent the dissolution of a corporation from working the abatement of a suit pending against it at the time. 'I cannot distinguish,' says Story, in Greeley v. Smith, 3 Story, 658 [Fed. Cas. No. 5,748], 'between the case of a corporation and the case of a private person dying pendente lite. In the latter case the suit is abated at law, unless it is capable of being revived by the enactment of some statute, as is the case as to suits pending in the courts of the United States, when, if the right of action survives, the personal representative of the deceased party may appear and prosecute or defend the suit. No such provision exists as to corporations, nor, indeed, could exist without reviving the corporation pro hac vice, and therefore any suit pending against it at its death abates by mere operation of law.'"

For the foregoing reasons, the motion to reinstate is denied, and a final order of dismissal will be entered.