**DRYDEN et al. v. LAND INV. CO., Inc.**

No. 10140.

Circuit Court of Appeals, Fifth Circuit.

April 28, 1942.

Eugene D. Saunders, of New Orleans, La., for appellants.

Emmet Alpha and Marion J. Epley, Jr., both of New Orleans, La., for appellee.

Before FOSTER, SIBLEY, and HOLMES, Circuit Judges.

SIBLEY, Circuit Judge.

George A. Dryden and Dudley M. Todd joined in a petition against Land Investment Company, Inc., to annul the title of the Company acquired by tax sale in December, 1933, to certain lands in Louisiana which had belonged to Dryden. The petition, filed Jan. 5, 1939, alleged that Dryden had on Oct. 24, 1938, conveyed to Todd. The deed, however, was not recorded till Feb. 14, 1939. After a hearing on the merits the court gave judgment for the defendant and the petitioners appeal.

It is first contended that Dryden on the face of the petition could not recover because he alleged title out of himself, and that Todd could not recover because he had not title at the filing of the suit. It is true that in Louisiana a deed is wholly ineffective as to third persons until recorded. Civil Code, Art. 2266; George v. Manhattan Land & Fruit Co., 5 Cir., 51 F.2d 28; Herndon v. Wakefield-Moore Realty Co., 143 La. 724, 79 So. 318. Possibly neither Todd nor Dryden could have maintained the suit alone, but we are of opinion that under the liberal system provided by the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, they could maintain it together. The right to be asserted was in one or the other of them, and both were before the court. If the recording of the deed after the suit was filed be viewed as transferring the right at that date, Rule 25(c) provides for an amendment joining or substituting the transferee. Todd, being already joined, there was in this case no need to do anything. He could proceed to have the right adjudicated.

It is undisputed that the taxes to pay which the land was sold were duly assessed and were in default, that the sale was duly advertised and conducted, and proper deeds made, provided the sheriff and ex officio tax collector had authority at the time to advertise and sell the land. The statute under which he acted, Section 53 of Act 170 of 1898, provides that after twenty days from the mailing of notices of delinquency "the tax collector or sheriff shall proceed to advertise for sale the consolidated delinquent tax list under one form, as provided for judicial sales, all the immovable property on which taxes are due, substantially in the following form * * * provided, that the bid to be accepted shall be, at least, equal to the taxes and costs and interest; otherwise the tax collector is hereby authorized to bid in said property for the State and shall not readvertise for sale said property or properties so adjudicated to the State, unless the same has been redeemed, and shall make out and record a title deed," etc. The sheriff did advertise in proper form all the immovable property the taxes on which were in default, for sale on Oct. 28, 1933. Many persons were paying up their taxes just before the sale began and in the confusion, by a mistake, the taxes on the land in controversy were marked paid. After the sale was over, some checks which had been paid on other lands proved bad. On discovery of these things the sheriff advertised all the lands touching which there was still default, in the same form, for a sale on Dec. 30, 1933, at which sale the Land Investment Company bought the lands in controversy.

The appellants contend that the statute, while fixing no date for the tax sale authorizes but one sale in each year, at which all immovable property in default must be sold, or else held over for the tax sale in the following year; and that the second sale in 1933 was unauthorized and void. It is true that all immovable property is directed to be advertised for sale "under one form", by which we understand one advertisement is meant; but we find no prohibition of a second sale of all that for any good cause is not disposed of at the first sale. That part of the statute which "authorizes" the tax collector to bid in property for the State and directs him not to "readvertise" that property unless redeemed, seems to imply that he may readvertise property which he cannot sell for the taxes, costs, and interest, and which he does not bid in for the State. We think equally he may readvertise property bid off and not paid for, or that the tax on which, as here, was supposed to have been paid but was not. These lands were worth the taxes and would bring them. There is no reason suggested why the public treasuries should wait another year, and we do not think the legislature so intended. We hold the second sale was authorized.

Judgment affirmed.