## CLEMENTE ENGINEERING CO. v. DELISO CONST. CO., Inc.

Civ. A. No. 1026.

District Court, D. Connecticut.

Jan. 14, 1944.

Abraham A. M. Schweitzer, of Hartford, Conn., for plaintiff.

Raymond T. King (of Ely, King, Kingsbury & Lyman), of Springfield, Mass., and Robinson, Robinson & Cole, of Hartford, Conn., for defendant.

SMITH, District Judge.

This is an action on a partnership agreement and for conversion of equipment belonging to the plaintiff. Plaintiff is alleged to be a New York corporation, defendant a New York corporation doing business in Connecticut. The complaint was filed on August 14, 1943 and summons served by leaving a copy of the summons and complaint with the Secretary of the State of Connecticut together with the fee as provided in Section 3490, General Statutes of Connecticut, Revision of 1930. General appearance was filed for the defendant September 9, 1943. A motion for extension of time for filing answer or motion to the complaint to October 1, 1943 was filed on September 9, 1943 and granted by consent on that date. Answer in the nature of a general denial, combined with a special defense that no open account existed between the plaintiff and the defendant and the statute of limitations, was filed on September 24, 1943. A reply to the special defense was filed on September 28, 1943. Appearance was filed for the defendant by Raymond T. King, Esq., on December 9, 1943. A motion to dismiss for lack of party plaintiff because of the alleged dissolution of the plaintiff corporation, and a motion to dismiss for lack of jurisdiction because of failure to allege diversity of citizenship were filed on December 9, 1943 by permission of the court. A motion to substitute a party plaintiff, also a New York corporation, was filed on December 28, 1943.

Diversity of citizenship is jurisdictional subject matter and may not be waived but must be considered by the court, if suggested by a party at any time. Page v. Wright, 7 Cir., 1940, 116 F.2d 449; Empire Coal & Transportation Co. v. Empire Coal & Mining Co., 1893, 150 U.S. 159, 14 S.Ct. 66, 37 L.Ed. 1037.

The nonexistence of the named party plaintiff would appear also to be jurisdictional and subject to notice at any time.

It is well settled that a corporation, for the purpose of the statute conferring jurisdiction based on diversity of citizenship, is considered to be a citizen of the state of its incorporation. Empire Coal & Transportation Co. v. Empire Coal & Mining Co., supra.

Both parties are alleged in the complaint to be corporations established under the laws of New York. Diversity of citizenship does not exist, whether the substitution sought be granted or not.

The motion to dismiss for lack of jurisdiction is granted. Complaint dismissed.