**Ted W. BROWN, Secretary of State, et al., Appellants,**

v.

**James I. KELLER et al., Appellees.**

**No. 13852.**

United States Court of Appeals Sixth Circuit.

Feb. 8, 1960.

William S. Evatt, Robert L. Barton, William R. Chadeayne, of Bricker, Evatt, Barton, Eckler & Niehoff, Donald J. Hoskins, Columbus, Ohio, for appellants other than Ted Brown.

J. Bruce Donaldson, Detroit, Mich., for appellees.

Before McALLISTER, Chief Judge, MILLER, Circuit Judge, and BROOKS, District Judge.

SHACKELFORD MILLER, Jr., Circuit Judge.

This action, being No. 5149 in the District Court, and Clark, et al. v. The Ohio State Life Insurance Co., No. 5146 in that Court and filed three days earlier therein, are companion cases arising out of the same facts and presenting the same legal issues on the merits. They were consolidated by order of the District Court and heard together. One judgment was entered for both cases.

Following entry of judgment, the defendants in both actions appealed to this Court. The appeal in action No. 5146 is No. 13,851 in this Court, Ohio State Life Insurance Co. v. Clark, 6 Cir., 274 F.2d 771. We have this day affirmed the judgment in that case.

The appeal in action No. 5149 is No. 13,852 in this Court, which is the appeal herein being considered. Insofar as the merits of this appeal are concerned, our ruling in No. 13,851 is controlling. However, appellants contend that, irrespective of the merits of the case, the District Court lacked jurisdiction in this case and that the judgment, insofar as it applies to action No. 5149, must be vacated.

Reference is made to the opinion in Ohio State Life Insurance Co. v. Clark, 6 Cir., 274 F.2d 771, this day handed down, for a statement of the factual situation and the issues involved. The plaintiffs in that action were mutual plan policyholders of Columbus Mutual, suing on behalf of themselves and of all mutual plan policyholders of that company. In this action, filed on November 15, 1957, the three original plaintiffs, Keller, Johnston and Purvis, brought the action as trustees of the employees' retirement fund of Burdines Department Store of Miami, Florida, which retirement fund was the owner of certain mutual plan insurance policies issued by Columbus Mutual. In this action the plaintiffs proceeded against the same defendants as were proceeded against in the

other case and also added as a party defendant Ted W. Brown in his capacity as Secretary of State of Ohio. Injunctive relief was sought against the defendants, which the District Court granted.

Although this appeal is styled Ted W. Brown, Secretary of State, et al. v. James I. Keller, et al., the notice of appeal does not include Ted W. Brown, either individually or as Secretary of State, as an appellant. For all practical purposes, excepting possibly some questions of costs, this appeal has no useful purpose, since, regardless of how this appeal is decided, all of the appellants are bound by the judgment which has been affirmed in case No. 13,851, which involves the same factual situation and the same questions of law. However, we will briefly refer to appellants' contentions.

██ The defendants by answer filed August 28, 1958, denied that the plaintiffs, Keller, Purvis and Johnston, were trustees of said employees' insurance fund and affirmatively alleged that they were no longer trustees of said Burdines' pension fund. It is claimed in the brief that they ceased to be trustees on August 1, 1958. This is not strictly a question of jurisdiction, but lack of capacity on the part of the plaintiffs to sue is a bar to the action. Rule 17(a), Rules of Civil Procedure, 28 U.S.C.A.; Lewis v. Fontenot, 5 Cir., 110 F.2d 65, certiorari denied 311 U.S. 646, 61 S.Ct. 22, 85 L.Ed. 413, rehearing denied 311 U.S. 727, 61 S.Ct. 168, 85 L.Ed. 473; Tringali v. Board of County Commissioners, 10 Cir., 176 F.2d 110. The issue was properly raised under the provisions of Rule 9(a), Rules of Civil Procedure. No action was thereafter taken to substitute successor trustees, if any were needed. No evidence was received on this factual issue and no ruling made thereon. Unless the facts hereinafter stated require a different ruling, a judgment with respect to this case should not have been entered, in the absence of a hearing on the factual issue and an adverse ruling on the defendants' contention. Dolan v. Jennings, 139 U.S. 385, 11 S.Ct. 584, 35 L.Ed. 217; Lucking v. Delano, 6 Cir., 129 F.2d 283.

■ On February 26, 1958, the attorney for the plaintiffs filed an application on behalf of J. H. Eberst of Columbus, Ohio, to be made a party to the action, which stated that he was a policyholder of Columbus Mutual and had a common, primary right in the suit, the judgment in which, since it was a class suit, would be binding upon him. An order was entered on April 9, 1958, joining him as a party plaintiff, individually, and as a representative of the class for whose benefit this action was brought. There was thus added as a party plaintiff one who had capacity to sue. Under the circumstances, we are of the opinion that there was a plaintiff entitled to go forward with the action and that it should not have been dismissed for lack of a party plaintiff with capacity to sue. See: Continental Oil Co. v. Osage Oil & Refining Co., 10 Cir., 57 F.2d 527, 529.

We find no merit in appellants' contention that when J. H. Eberst was made a party plaintiff it destroyed diversity of citizenship, with resulting loss of jurisdiction. Jurisdiction was also asserted on the ground of the amount in controversy and the existence of a constitutional question.

The judgment is affirmed.