Sam KILLEBREW et al., d/b/a Liberty Cash Grocery No. 55, Plaintiffs,

v.

James MOORE, Defendant.

No. GC6630.

United States District Court
N. D. Mississippi,
Greenville Division.

Dec. 21, 1966.

Hardy Lott, Lott & Sanders, Greenwood, Miss., for plaintiffs.

Alvin J. Bronstein, Bruce S. Rogow, Jackson, Miss., for defendant.

## MEMORANDUM OPINION

CLAYTON, Chief Judge.

This case originated in the Chancery Court of Leflore County, Mississippi, where plaintiffs filed their bill of complaint against James Moore, seeking both a temporary and permanent injunction to enjoin Moore from doing certain acts claimed to be injurious to the business of plaintiffs, said business being known as Liberty Cash Grocery No. 55, a grocery store in the City of Greenwood, Mississippi which was then being operated by plaintiffs as partners. After a hearing, a temporary injunction was issued against James Moore, prohibiting him from doing certain things which that court found to be unlawful and injurious to plaintiffs' business (Liberty Cash Grocery No. 55). After issuance of said injunction, defendant removed the case to this court, claiming jurisdiction under Title 28 U.S.C. § 1443. Plaintiffs then filed in this court a motion to remand, claiming that this court is without jurisdiction.

After the foregoing events, on July 11, 1966, plaintiffs sold their interest in Liberty Cash Grocery No. 55 to six other people. Thereupon, defendant filed a motion to dismiss this cause and to dissolve the injunction, alleging as grounds therefor that the cause has become moot

since plaintiffs (Killebrew, et al) have no right, title, or interest in said business at the present time. Plaintiffs (Killebrew, et al) and the purchasers (Battistelli, et al) filed a motion under Rule 25 (c), Federal Rules of Civil Procedure, to either substitute the purchasers (Battistelli, et al) as plaintiffs in the place of the original plaintiffs (Killebrew, et al) or to join them (Battistelli, et al) as parties plaintiff.

The procedural questions thus raised by said motions are now for disposition on briefs.

Plaintiffs' motion is considered well taken and it will be sustained to the extent that the purchasers (Battistelli, et al) will be joined herein as parties plaintiff, and defendant's motion, which is not considered well taken, will be denied and overruled.

When it is understood that the propriety of the removal here and the jurisdiction of this court are in no way involved in the two motions which are now before the court, it takes only a literal reading of Rule 25(c), Federal Rules of Civil Procedure, to sustain this court's action. The relevant part of that rule reads as follows:

> (c) Transfer of Interest. In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party.

■ The language of that rule is clear and unambiguous. It is obvious that it was designed to deal with and cover just such a situation as is here presented. It is consistent with and in no way conflicts with Rule 17(a), Federal Rules of Civil Procedure. The relevant part of that rule reads as follows:

> * * * No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

■ Here the entire interest of the original plaintiffs was transferred to other people by sale and purchase after the removal of the case here and after a motion to remand to the state court had been filed in this court. Surely the original plaintffs would have the right to continue this action for the use and benefit of their vendees, if this court in its discretion decided that to be a proper way for the case to proceed. Or, as the court has decided here, it is entirely proper for this court to direct the person(s) to whom the interest is transferred to be "joined with the original party."

Equally clear, in this court's opinion, defendant Moore is not entitled to have this cause dismissed on the state of the record which is now before the court. The language of the quoted portion of Rule 17(a) makes this clear.

It may be that the original plaintiffs (Killebrew, et al) lost their right to the injunction against defendant Moore. It may be that this court does have jurisdiction on removal to proceed to final disposition on the merits of this case. It may be that this court will determine (if it concludes that it has jurisdiction) that the injunction was improvidently issued by the state court. Or, it may be that this court will decide that it is without jurisdiction to proceed to final disposition, and, thus, that the cause should be remanded to the state court. But, these are all questions not now before the court, and what the court has decided here in no way affects any or all of those issues. Presumably they will be dealt with in due course.

Persuasive to the views expressed are the following authorities: United States

v. Koike, 164 F.2d 155 (9th Cir. 1947); Kilbourn v. Western Surety Company, 187 F.2d 567 (10th Cir. 1951); Dryden v. Land Investment Company, 127 F.2d 586 (5th Cir. 1942) and 4 Moore's Federal Practice 526.

Authorities cited by defendant Moore have been considered, but they are not applicable here.

An order will be entered in accordance with this opinion.