437 F.2d 549
 UNITED STATES of America for the Use of ACME GRANITE & TILE
COMPANY, a Division of Piper & Greenhalgh,
Incorporated, a Washington corporation,
Appellant and Cross-Appellee,
v.
F. D. RICH COMPANY, Incorporated, a corporation, doing
business in the Stateof Washington; B & G Constructors,
Incorporated, Appellees and Cross-Appellants, American
Surety Company, Appellee, Fireman's Fund Insurance
Company,Appellant andCross-Appellee, and United States
Fidelity & Guaranty Company, Appellee andCross-Appellant.
 Nos. 23744, 23745, 23752 and 23753.
 United States Court of Appeals, Ninth Circuit.
 Dec. 28, 1970, Rehearing Denied April 8, 1971.
 
 Ralph B. Potts, Seattle, Wash. (argued), for Piper & Greenhalgh, Inc. and Val Greenhalgh and George Piper, as individuals.
 Lycette, Diamond & Sylvester, Lyle L. Iversen, Seattle, Wash., for Fireman's Fund Ins. Co.
 Richard S. White (argued), of Helsell, Paul, Fetterman, Todd & Hokanson, Seattle, Wash., for F. D. Rich Co. & American Surety Co.
 Lyle L. Iversen, Seattle, Wash. (argued), McCormick, Hoffman, Rees & Arnold, Paul Hoffman, Jr., Tacoma, Wash. (argued), for B & G Constructors.
 Before HAMLEY and WRIGHT, Circuit Judges, and GOODWIN, District judge.[1]
 ALFRED T. GOODWIN, District Judge:
 In an action by a subcontractor for damages against the prime contractor on an army housing project, the subcontractor appeals from a judgment notwithstanding the verdict.
 The district court separated the issues of liability and damages. The jury found in favor of the plaintiff subcontractor on the issue of liability. The damages issues were then referred to a special master, who computed damages. The court modified the master's findings and entered the challenged judgment in favor of the prime contractor notwithstanding the verdict in favor of the subcontractor. Both parties seek review of various trial court rulings.
 The dispute arises out of a subcontract entered into by Acme Granite & Tile Company, a division of Piper & Greenhalgh, Inc., and F. D. Rich Company, the prime contractor on a government contract for the construction of some five hundred 'Capehart' homes at Fort Lewis, Washington. (The project was funded pursuant to the Capehart Act, 42 U.S.C. 1594-1594k.)
 The subcontract specified that Acme was to 'furnish all labor, materials and equipment required to complete all lathing, plastering and ceramic tile work as per plans and specifications * * *.' The work was to be supervised and approved by a designated representative of the U.S. Army Corps of Engineers. One provision of the subcontract required Acme to proceed with work on the written order of Rich regardless of any dispute about payment.
 Acme obtained a surety bond from Fireman's Fund Insurance Company and began work. The sequence of construction called for a framing subcontractor, B & G Constructors, Inc., to frame the houses, with Acme to follow in each house with the plaster and tile work.
 Because of defective framing by B & G, the Army inspector revoked his approval of certain houses on which Acme was working. The framing was out of plumb and not parallel. The engineer rejected some fifty units and warned Acme that further plastering over defective framing would meet with similar rejection.
 Protests by Acme to Rich resulted in conferences and exchanges of letters. The quality of B & G's corrective measures was in dispute. An impasse developed and Acme refused to proceed. On March 11, Rich declared Acme in default and employed Sunset Tile Company to finish the work. A new Corps of Engineers inspector was appointed to replace the engineer who had found fault with B & G's work. There were no more work stoppages.
 Following Rich's termination of Acme's subcontract, Acme was ultimately forced into bankruptcy and liquidation. In the meantime Acme had brought an action against Rich asserting a lien claim for $57,446.46 in unpaid progress payments. Acme also asserted a claim later determined to be worth some $17,000 representing the value of the plastering, lathing and tiling work converted to Rich's use by Sunset after Acme's contract was terminated, and a claim for some $100,000 in consequential damages resulting from Rich's 'unjustified termination' of the contract. Rich counterclaimed against Acme for some $200,000 in increased costs resulting from Acme's refusal to continue work, and brought B & G and its bonding company into the action by asserting a third-party claim against them contingent upon Rich's own liability to Acme. B & G also asserted a claim against Acme for damages for delay allegedly caused by Acme.
 At the conclusion of a trial which generated thirty-four volumes of testimony, the jury returned a special verdict in favor of Acme.
 Counsel for Rich filed alternative motions for judgment n.o.v. and a new trial, and also filed a motion to dismiss Acme's action on ground that, because the Acme corporation was dissolved while the litigation was in progress, its action automatically abated under Washington law.
 Counsel for Acme asserted that the corporate dissolution was the result of a misunderstanding between counsel, the corporation's accountant, and Acme's trustee on liquidation. Counsel filed with the trial court a motion to substitute Acme's two sole stockholders, Piper and Greenhalgh, in place of the defunct corporation. This motion was denied, and the court ordered Acme's action abated.
 The applicable Washington law then provided that dissolution of a corporation abated any action in which the dissolved corporation was a plaintiff. United States v. Spokane Mill Co., 206 F. 999 (E.D.Wash.1913). This law has since been changed, but the change has no retroactive force. See RCW 23A.28.250. The difficult question, however, is whether under Fed.R.Civ.P. 25(c) the motion to substitute parties, made by the two stockholders of the dissolved corporate plaintiff, should have been allowed by the district court.
 A district court has ample discretionary power to substitute parties plaintiff where a corporate dissolution or some other act affecting the capacity to sue has occurred during the pendency of an action. Brown v. Keller, 274 F.2d 779 (6th Cir. 1960); Feener Business Schools, Inc. v. Speedwriting Pub. Co., 249 F.2d 609 (1st Cir. 1957); United States v. Koike, 164 F.2d 155 (9th Cir. 1947); United States v. Hirahara, 164 F.2d 157 (9th Cir. 1947); Killebrew v. Moore, 41 F.R.D. 269 (N.D.Miss.1966); Fed.R.Civ.P. 25(c). Were it not for such a power of substitution, valuable property rights involved in litigation could simply disappear. Such a result would be at odds with both common sense and state law. See, e.g., Ban-Mac, Inc. v. King County, 69 Wash.2d 49, 416 P.2d 694 (1966); Taylor v. Interstate Inv. Co., 75 Wash. 490, 135 P. 240 (1913).
 Under Washington law, the dissolution of a corporate entity does not necessarily relieve the corporation's assets or the stockholders who receive them from liability to its creditors. Mayflower Realty Co. v. Security Savings & Loan Soc., 192 Wash. 129, 72 P.2d 1038, 75 P.2d 579 (1937); State ex rel. Everett Trust & Savings Bank v. Pacific Waxed Paper Co., 22 Wash.2d 844, 157 P.2d 707 (1945).
 Counsel for Acme argues strenuously that the dissolution was simply the product of a misunderstanding between himself and the accountant, and that he informed the trial court of the dissolution as soon as he knew of it himself. He also argues that because Acme was fully bonded Acme's stockholders had no motive to attempt to escape liability. Whether or not this last argument has merit, however, depends upon subrogation agreements and legal principles that have not been litigated below and are not before us. In any event, there is no evidence that the dissolution could have prejudiced Rich, or that it was a 'fraud upon the court.' Fireman's Fund, as surety, is entitled to due process. The abatement of the action below appears, under all the circumstances, to have been unwarranted and prejudicial to Fireman's Fund as well as to Acme's stockholders.
 Protection of those beneficially interested in the floundering corporation was well within the equity powers of the court. Bacon v. Robertson, 18 How. 480, 59 U.S. 480, 15 L.Ed. 499 (1855). On all the facts of this case we are reluctantly compelled to conclude that the district court abused its discretion in denying the motion for a substitution of parties plaintiff and in leaving the corporation's surety vulnerable to a judgment on a counterclaim with no right of set-off.
 The next question is whether entry of judgment notwithstanding the verdict was proper. We hold that it was not. The record contains some evidence in support of the jury's verdict. The jury could reasonably have concluded that Acme's witnesses were telling the truth.
 Questions as to the consistency and credibility of witnesses are obviously within the province of the jury. The fact that this court might reach a different result than the jury reached would not authorize us to affirm a judgment notwithstanding the verdict. Unless there is no substantial evidence to support the jury's conclusions, the verdict must stand, subject, of course, to the right of the district court to grant a new trial under Fed.R.Civ.P. 59.
 We are not persuaded by Rich's argument that the only question involved in this case is the legal interpretation of the subcontract between Rich and Acme. Factual issues had to be resolved by a jury. It is true that Article V of the contract required Acme to proceed with work and not delay the whole project while it argued over compensation. But this provision of the contract may have been modified by the conduct of the parties. Also, the argument between the parties may not have been entirely a dispute over payment. In part, the dispute concerned the quality of performance and the impossibility of continued performance. In any event, there was a question of fact whether Rich, by its failure to have B & G correct the defective framing job, prevented Acme from going ahead with its obligations under the contract. If Rich, through another subcontractor, prevented Acme's performance, Rich cannot be heard to complain of Acme's nonperformance. Wolk v. Bonthius, 13 Wash.2d 217, 124 P.2d 553 (1942); Mogul Logging Co. v. Smith Livesey Wright Co., 185 Wash. 509, 55 P.2d 1061 (1936); Blair v. Wilkeson Coal & Coke Co., 54 Wash. 334, 103 P. 18 (1909).
 Rich relies heavily on Stoeckert v. United States, 391 F.2d 639, 183 Ct.Cl. 152 (1968), for the proposition that only legal questions are involved. However, in Stoeckert, the subcontractor refused to proceed with work in spite of the government inspector's urgent pleas that it do so. Here, the jury could have believed that the government inspector told Acme that its work would be rejected if Acme proceeded.
 Something more than a legal interpretation of Acme's contractual duties, therefore, is involved in this case. A breach of contract by Rich may well have occurred before Acme refused to proceed. Reasonable men might differ as to which party first breached its obligation under the agreement and prevented the other from performing its duties. This is the kind of factual question that should be decided by the jury.
 We conclude that the judgment notwithstanding the verdict was error. This conclusion, however, does not permit us to reinstate the verdict.
 At the end of the case, the trial court granted an alternative motion for a new trial, to take effect only if the judgment n.o.v. should be reversed.
 A motion for a new trial is addressed to the sound discretion of the trial judge, and must be left standing by this court absent a showing of abuse of discretion. United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 247, 60 S.Ct. 811, 84 L.Ed. 1129 (1940); and see cases in 6A Moore, Federal Practice 59.08(5), pp. 3814-3821 (2d ed. 1966). No showing has been made that the district court abused its discretion in granting the motion for new trial. Therefore, under established rules of appellate review, we remand this case to the district court for a second trial in accordance with the order granting the motion for new trial.
 Reversed and remanded.
 
 
 
 [1]
 The Honorable Alfred T. Goodwin, District Judge for the District of Oregon, sitting by designation