441 F.2d 1143
 UNITED STATES of America For the Use of ACME GRANITE & TILE
COMPANY, a Division of Piper & Greenhalgh,
Incorporated, a Washington corporation,
Appellant and Cross-Appellee,
v.
F. D. RICH COMPANY, Incorporated, a corporation, doing
business in the Stateof Washington; B & G Constructors,
Incorporated, Appellees and Cross-Appellants, American
Surety Company, Appellee, Fireman's Fund Insurance
Company,Appellant andCross-Appellee, and United States
Fidelity & Guaranty Company, Appellee andCross-Appellant.
 Nos. 23744, 23745, 23752 and 23753.
 United States Court of Appeals, Ninth Circuit.
 April 8, 1971.
 
 Before HAMLEY and WRIGHT, Circuit Judges, and GOODWIN, District judge.[1]
 Opinion on Petition for Rehearing
 PER CURIAM:
 
 
 1
 In a petition for rehearing, F. D. Rich Company, Incorporated, urges that this court has erred in the application of state law.
 
 
 2
 As noted in our original opinion, 437 F.2d 549 (9th Cir. 1970), Washington law provided when the case was tried in the District Court that the dissolution of a corporation abated any action in which the dissolved corporation was a plaintiff. Washington law with reference to the rights of creditors and shareholders of dissolved corporations makes it clear, however, that even though a procedural rule formerly abated a pending action in the state court, the rights of shareholders and creditors were not necessarily obliterated by the dissolution of the corporate entity. Mayflower Realty Co. v. Security Savings & Loan Soc., 192 Wash. 129, 72 P.2d 1038 (1937); State ex rel. Everett Trust & Savings Bank v. Pacific Waxed Paper Co., 22 Wash.2d 844, 157 P.2d 707 (1945).
 
 
 3
 As we also noted that the District Court was not bound by the procedural law of the State of Washington, but was bound by the Federal Rules of Civil Procedure. Under the Federal Rules, it is clear that the District Court had ample authority to dispose of the case on its merits by the substitution of parties if necessary.
 
 
 4
 There is no conflict between our opinion and the substantive law of the State of Washington. There is some federal case authority prior to 1938, when the Conformity Acts were still in force, which supports the petitioner's view that certain local procedural laws apply in the district court. See Oklahoma Gas Co. v. Oklahoma, 273 U.S. 257, 259-260, 47 S.Ct. 391, 71 L.Ed. 634 (1927) (dictum); United States v. Spokane Mill Co., 206 F. 999 (E.D.Wash.1913). These cases have been rendered obsolete by the adoption of the Federal Rules of Civil Procedure.
 
 
 5
 We adhere to the views expressed in the original opinion. The petition for rehearing is denied.
 
 
 
 [1]
 The Honorable Alfred T. Goodwin, District Judge for the District of Oregon, sitting by designation