**AMERICAN RENAISSANCE LINES, INC., Plaintiff,**

v.

**SAXIS STEAMSHIP CO. and Multifacs International Traders, Inc., Defendants.**

**No. 67 C 909.**

United States District Court, E. D. New York.

July 22, 1976.

Harry T. Constas, New York City, for Multifacs International Traders, Inc.

McHugh, Heckman, Smith & Leonard, New York City, for American Renaissance Lines, Inc.

Edwin K. Reid, New York City (Zock, Petrie, Reid & Curtin, New York City, of counsel), for Saxis Steamship Co.

DOOLING, District Judge.

The controversy has been in this court since February 1966 (66 A 147, 66 M 117). It commenced with Saxis's application to compel arbitration of a claim for unpaid charter hire and came to involve the cross claim of Multifacs for damages for Saxis's alleged breach of its charter duties. The controversies were arbitrated and Saxis prevailed but the arbitrators found that it had materially breached its charter duties, made a finding on the *quantum* of damage but made no award of damages, concluding that the damages flowing from the breach had not fallen on Multifacs but, if on anyone, on American Renaissance, an affiliate of Multifacs. American Renaissance sought then to intervene when Saxis made its motion to confirm. The award to Saxis was confirmed and American Renaissance was denied relief. Judgment for the amount of the award, $285,439.31, was entered against Multifacs on September 22, 1966. Although Multifacs and American Renaissance appealed, no supersedeas bond was given and the judgment was collected pending appeal, in the amount of $25,721.97 in December, 1966. On appeal, the award against Multifacs was affirmed on March 30, 1967 (375 F.2d 577, 583), and Multifacs paid the judgment, paying in all $310,639.31 in June and September 1967.

On appeal the Court also held that American Renaissance should not have been summarily foreclosed of its right to pursue Saxis for the damages the arbitrators found as flowing from Saxis's breach and that American Renaissance was free to pursue its claim and to confront on the merits any defense of *res judicata* or collateral estoppel that Saxis pleaded (375 F.2d at 583).

American Renaissance promptly sued Saxis in the state court and joined Multifacs as a defendant; the case was removed to this court on September 22, 1967, and on August 13, 1973, the action was dismissed on the merits on Saxis's motion for summary judgment. American Renaissance appealed and the Court concluded (August 5, 1974) that American Renaissance should have been granted summary judgment against Multifacs and Multifacs awarded summary judgment against Saxis, and it directed resumption of the arbitration to make a final determination of the damages due (502 F.2d 674, 680). Arbitration was resumed, and an award made in favor of Multifacs and against Saxis for $200,356.41. On motion to confirm, on May 26, 1976, judgment was entered against Saxis. Saxis has not appealed from the judgment.

Multifacs has now been advised that Saxis, a Delaware corporation, the name of which was changed to Souther Steamship Corporation in February 1968, had filed a certificate of dissolution in May, 1968, and had distributed all of its property to Columbia Steamship Co., a Louisiana corporation, now a wholly merged subsidiary of Columbia Investment Co., a Nevada corporation. The Annual Report filed in Delaware by Saxis in February 1968 stated that at October 31, 1967, the corporation had gross assets of $873,392.41.

Multifacs has now moved for an order under Rule 25(c) to substitute for Saxis the stockholders, officers and directors of Saxis as transferees of the Saxis interest. *United States v. F. D. Rich Co.*, 9th Cir. 1971, 437 F.2d 549, 441 F.2d 1143, granted such relief (437 F.2d at 552, referring to the need to protect Rich on its counterclaim against the

dissolved Acme Company by substituting Acme's stockholders).

Saxis argues that under Delaware law (Section 278 of the General Corporation Law) Saxis is continued in existence as a body corporate until any judgments in actions pending at the time of dissolution have been fully executed. That may well be and it may furnish a reason for adding rather than substituting the transferees of the Saxis interest. But it is the transferees who (or which) for the last eight years have actively litigated this action without apprising Multifacs of the dissolution. The litigation has been directed to protecting the interest of the transferee(s) in the assets received from Saxis; defense activity had no motivation or interest except those of the transferee(s). In a word, the transferee(s) has (have) been the undisclosed but controllingly active party (parties) to the action and to its defense. To amend the title of the action to name it (them) is not in truth to add or substitute (a) new (party) parties but to recognize what has been the fact for the last eight years. *Cf. Schnell v. Eckrich & Sons*, 1961, 365 U.S. 260, 260–262, 81 S.Ct. 557, 5 L.Ed.2d 546 (and fn. 4); *Ritchie v. Landau*, 2d Cir. 1973, 475 F.2d 151, 155 (and fn. 2); F.R.C.P. Rules 17(a), 25(c). There is no question respecting substantive responsibility, if that must be viewed apart from determining the consequences of transferee management of the litigation; any inquiry into the suggestion that liability might be limitable to the value of the assets Saxis transferred can safely await a later stage of the case if there must be further litigation, for, as must now be confidently expected, the judgment should be paid forthwith. *Cf.* N.Y.C.P.L.R. § 5225(b); Rule 69; N.Y. Debtor and Creditor Law §§ 270 ("Debt" defined), 271(1), 272, 273, 274, 275, 278(1)(b); Delaware General Corporation Law, Tit. 8, §§ 278, 325, 328.

It is, accordingly,

ORDERED that the motion of Multifacs to substitute parties named or designated for defendant Saxis is granted to the extent that Calvin N. Souther, Irving C. Thayer, J. W. Lipscomb, William H. Kinsey, John B. Souther, Columbia Steamship Co. and Columbia Investment Co. are added as named party defendants in the action and the title of the action is amended correspondingly. And, it is further,

ORDERED that the judgment entered in this action will be amended by adding the names of Columbia Steamship Co. and Columbia Investment Co. as defendants in the absence of a showing by those parties that such an amendment is unnecessary.