UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

———

No. 98-2748

———

Michael Kemp,                          *
                                       *
        Appellant,                     *   Appeal from the United States
                                       *   District Court for the
    v.                                 *   District of Missouri
                                       *
Antonio Balboa,                        *   [UNPUBLISHED]
                                       *
        Appellee.                      *


———

Submitted: February 8, 1999
Filed:          March 30, 1999

———

Before FAGG and HANSEN, Circuit Judges, and ROSENBAUM,[1] District Judge.

———

PER CURIAM

        This case asks, but cannot answer, the question of who may be substituted as
a "proper party" under Rule 25(a)(1) of the Federal Rules of Civil Procedure ("Fed.
R. Civ. P."). The appeal is from an Order granting Appellee, Antonio Balboa's,
motion to dismiss for lack of a proper party to prosecute this matter. We affirm.

———

        [1]The Honorable James M. Rosenbaum, United States District Judge for the
District of Minnesota, sitting by designation.

I.  Background

Our Opinion, reported at Kemp v. Balboa, 23 F.3d 211 (8th Cir. 1994), recites the underlying facts.  They are relatively simple:  Michael Kemp was an inmate at the Missouri Department of Corrections who suffered from epilepsy.  Kemp claimed his Eighth Amendment constitutional rights were violated when Antonio Balboa, a Missouri correctional officer, interfered with his medication.  In 1989, Kemp filed a 42 U.S.C. § 1983 action to vindicate his rights.  The jury found for Kemp, but awarded only $1.00 as damages.  Kemp appealed, and we reversed the damage award, remanding the matter for another trial on damages.  On March 5, 1994 -- after remand, but before the new damages trial -- Kemp died.

On August 23, 1994, Annette Kemp, Michael Kemp's mother, applied to be substituted for her son as plaintiff, pursuant to  Fed. R. Civ. P. 25(a)(1).  On October 19, 1994, the district court conducted a recorded telephone conference to determine the procedure to accomplish the proposed substitution.  Counsel for Mr. Kemp, seeking to substitute Mrs. Kemp as a party, and counsel for the State of Missouri, representing Balboa, participated.  The court asked whether state probate proceedings would be initiated to qualify Mrs. Kemp as a personal representative.  Thereafter, on November 7, 1994, the district court granted leave to Mrs. Kemp to be substituted, contingent upon her appointment as Michael Kemp's personal representative.  Several months passed, and no petition for appointment was filed.

On August 15, 1995, Balboa moved to dismiss, because Mrs. Kemp had not been named as personal representative of Michael Kemp's estate.  By Order, dated October 10, 1995, Kemp's federal claim was dismissed.  The district court stayed its Order, pending Mrs. Kemp's state effort to be appointed her son's personal representative.

Thereafter, in October, 1995, Mrs. Kemp applied for appointment as Michael Kemp's personal representative in Missouri's probate court.  The probate court granted her application on October 25, 1995, but Balboa appealed the appointment because Mrs. Kemp's application was made more than one year after Michael Kemp's death.  See Mo. Ann. Stat.  § 473.070 (Vernon 1992).  The Missouri Court

of Appeals reversed the probate court's appointment on August 12, 1997.  The Missouri Supreme Court accepted a transfer of the appeal, and, on February 24, 1998, entered its en banc order transferring the case to the Missouri Court of Appeals.  On March 2, 1998, the Missouri Court of Appeals entered its order readopting its August 12, 1997, opinion denying Mrs. Kemp's application to serve as personal representative..

At the conclusion of these unsuccessful efforts, Balboa filed a motion to lift the federal stay and dismiss the case.  On May 26, 1998, the district court granted the motion.  Mrs. Kemp appeals from this Order, and we affirm.

II.  Analysis

Whether to allow a substitution lies within the sound discretion of the trial court in the case of corporate dissolution or some other occurrence affecting a party's capacity to sue.  United States v. F.D. Rich Company, 437 F.2d 549 (9th Cir. 1970); Brown v. Keller, 274 F.2d 779 (6th Cir. 1960); Feener Business Schools, Inc. v. Speedwriting Pub. Co., 249 F.2d 779 (1st Cir. 1957).  Such a determination is reviewed for an abuse of discretion.  Froning's, Inc. v. Johnston Feed Svc., Inc., 568 F.2d 108, 110 n.4 (8th Cir. 1978).  An abuse of discretion occurs when the district court bases its decision on an error of law or a clearly erroneous finding of fact.  First Bank v. First Bank Sys., Inc., 84 F.3d 1040, 1044 (8th Cir. 1996).  We find the same standard appropriate in this case.  This Court has jurisdiction over this matter, pursuant to 28 U.S.C. § 1291, it being a review of a final judgment.[2]  We find no abuse of discretion or error of law.

We begin by referring to the language of Fed. R. Civ. P. 25(a)(1), which provides:  "If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties."  On the facts of this case, that person was to have been Mrs. Kemp, after her appointment as a Missouri personal

---

[2]Subject matter jurisdiction is not an issue.  Once such jurisdiction exists among the original parties, it remains intact after substitution.  See e.g. Hardenbergh v. Ray, 151 U.S. 112, 14 S.Ct. 305, 38 L. Ed. 93 (1893).

representative.

The Court has carefully reviewed the tape and transcript of the October 19, 1994, telephone conference. The district court's Order of October 10, 1995, makes clear its understanding that Mrs. Kemp would seek appointment as a Missouri personal representative. This Order established the law of the case and governed the proceedings.[3] Thus, when Mrs. Kemp failed in her application as personal representative, the district court properly dismissed the action.

Because of this fact intensive analysis, the Court need not address, nor does it express any opinion on, the ultimate question of who may be a Rule 25(a)(1) "proper party."

Accordingly, we affirm the Orders of the district court entered October 10, 1995, and May 26, 1998.


A true copy.


Attest:


CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT

---

[3] Neither party sought to modify or amend this Order. Under Fed. R. Civ. P. 60 (a), " . . . errors . . . arising from oversight or omission may be corrected by the court at any time . . . on the motion of any party . . . ." We do not perceive any flaw in the district court's understanding. Should the plaintiff's counsel, however, have felt the district court's Order of October 10, 1995, did not reflect the agreement reached during the telephone conference, this mechanism could have provided a means to resolve the misunderstanding.