Don **WOLVERTON**, Plaintiff,

v.

Richard S. **SCHWEIKER**, Secretary of Health and Human Services, Defendant.

Civ. No. 78–1223.

United States District Court, D. Idaho.

March 2, 1982.

---

**4.** The magistrate's report suggests that such modifications are currently being considered by county authorities.

Nicholas Chenoweth, Orofino, Idaho, for plaintiff.

Deborah A. Bail, Asst. U. S. Atty., Boise, Idaho, for defendant.

OPINION

RAY McNICHOLS, District Judge.

This matter is before the court on a claim by plaintiff for an allowance of attorney fees and expenses pursuant to the Equal Access to Justice Act (EAJA), enacted as Title II (§§ 201–208) of the Small Business Export Expansion Act of 1980, Pub.L. 96–

481, 94 Stat. 2325, codified as 28 U.S.C. § 2412.

The above action was one to review an adverse decision of the Secretary denying plaintiff's claim for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 405(g). The court found on November 12, 1981 that plaintiff was entitled to benefits and ordered payments.

Plaintiff, as the prevailing party, moved for an award of costs, expenses and attorney fees. The Secretary resists such an award. Briefs have been filed and considered and the matter is ripe for determination.

The EAJA amended Titles 5 and 28 of the United States Code, effective October 1, 1981. The EAJA rests on the premise that certain individuals and organizations may be deterred from seeking review of, or defending against, unreasonable governmental action due to the expense involved in securing the vindication of their rights. The purpose of the Act is to reduce existing deterrents by entitling certain prevailing parties to recover an award of attorney fees, expert witness fees and other expenses against the United States unless the government action was substantially justified.

With an effective date only a few months past, it is understandable that no body of controlling precedent has been established to guide the court in interpreting the provisions of the statute. We appear to be plowing new ground.

The two relevant statutory provisions are 28 U.S.C. § 2412(a) and 28 U.S.C. § 2412(d)(1)(A). These provisions hold:

(a) Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title, but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States or any agency and any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. A judgment for costs when taxed against the United States shall, in an amount established by statute, court rule, or order, be limited to reimbursing in whole or in part the prevailing party for the costs incurred by such party in the litigation.

(d)(1)(A) Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action ... brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

## EAJA'S APPLICABILITY TO SOCIAL SECURITY PROCEEDING

The Secretary first argues that 28 U.S.C. § 2412(d) is not applicable to cases arising under Title II of the Social Security Act. 28 U.S.C. § 2412(d) begins: "Except as otherwise specifically provided by statute ..." The Secretary argues that since the Social Security Act controls awards of attorney fees in cases arising under Title II, § 2412(d), by its express terms, cannot apply to Title II cases.

■ 42 U.S.C. § 406 does not permit an award of attorney fees against the United States under any circumstances. Rather, section 406 limits the amount which an attorney can take as a fee to 25% of the total amount of past-due benefits awarded to his client. The legislative history makes it clear that § 2412(d) "is intended to apply only to cases (other than tort cases) where fee awards against the government are not already authorized."[1] Section 406 does not authorize fee awards *against the govern-*

1. S.Rep.No.96–253, 96th Cong., 1st Sess. 1, (1979), p. 17; H.R.Rep.No.96–481, 96th Cong., 2d Sess. 12 (1980), p. 18.

*ment*, thus the conditional language of § 2412(d) does not exclude an award of fees and other expenses under Title II of the Social Security Act.

## THE MEANING OF "INCURRED"

■ 28 U.S.C. § 2412(d) authorizes awards only of fees and expenses "incurred . . . in any civil action . . .". The Secretary argues that the plaintiff has not properly "incurred" any expense for attorney fees in this action. The Secretary argues that although this court has ordered payments for past-due benefits as a matter of law, no fees are incurred pursuant to 42 U.S.C. § 406 until the Secretary or a court determines a "reasonable fee".

Once this court reversed the Secretary and ordered the payment of past-due benefits, the Secretary was required to set a "reasonable" fee to compensate the claimant's attorney.[2] Pursuant to this statutory requirement, the Secretary held back 25% of the claimant's award of past-due benefits. The Secretary has not yet determined what a "reasonable fee" is since the case is still pending in federal court. The EAJA does not define the word incurred, but the dictionary defines incurred as meaning "liable for".[3] There is no question but that the claimant was represented by an attorney and has alleged the incurrence of attorney fees; the only remaining question is the amount of such fees. Thus, this court finds that the claimant has incurred attorney fees within the meaning of 28 U.S.C. § 2412.

## THE EAJA'S EFFECTIVE DATE

■ The Secretary argues that the EAJA's effective date precludes the award the plaintiff seeks. The EAJA became effective October 1, 1981, and is applicable to a civil action or adversary adjudication pending on that date or commenced there-

after. The Secretary admits that the civil action was pending as of October 1, 1981. Nevertheless, the Secretary points out that virtually all expenses that plaintiff may have incurred in the civil action are attributable to periods prior to the EAJA's effective date. The government concludes that no award can be based on an implied waiver of sovereign immunity, and the EAJA, therefore, cannot be read as authorizing an award including expenses incurred prior to October 1, 1981.

The plain meaning of the EAJA is contrary to the Secretary's argument. The EAJA explicitly waives sovereign immunity with regard to a civil action or adversary adjudication pending on October 1, 1981. The Secretary's argument requires an exception to be read into the effective date provision, and this the court cannot do. The civil action before this court was pending on October 1, 1981. This effective date provides no barrier to an award of fees and expenses which might have occurred before October 1, 1981. Congress limited the applicability of the EAJA to cases *pending* on October 1, 1981. If it had intended to further narrow the number of applicable cases in this "pending" status, it could have done so by restricting potential cost and fee awards to those incurred after the Act's effective date.

## "ADVERSARY ADJUDICATIONS" AND "CIVIL ACTIONS"

■ The Secretary argues that all expenses, costs and fees incurred during administrative proceedings before the Secretary are excluded from any award pursuant to 28 U.S.C. § 2412.

Section 2412(d)(1)(A) authorizes awards for fees and expenses incurred in a civil action. The civil action in which plaintiff prevailed was pursuant to 42 U.S.C.

---

**2.** 42 U.S.C. § 406(a) provides: "Whenever the Secretary in any claim before him for benefits under this subchapter, makes a determination favorable to the claimant, he *shall*, if the claimant was represented by an attorney in connection with such a claim, fix . . . a reasonable fee to compensate such attorney for the services

performed by him in connection with such claim." Once this court reversed the Secretary then it was the duty of the Secretary to determine a reasonable fee.

**3.** Webster's Third New International Dictionary, p. 1147, (1964).

§ 405(g), under which this court reviewed the pleadings and the transcript of administrative proceedings before the Secretary.

Section 2412(d)(3) authorizes an award only on judicial review of an "adversary adjudication", as defined in 5 U.S.C. § 504(b)(1)(C). The definition includes only "an adjudication under [5 U.S.C. § 554] in which the position of the United States is represented by counsel or otherwise". The Secretary's social security proceedings do not fit this definition, for in them the government does not take any "position", nor is it "represented by counsel or otherwise".

The hearings before the Secretary do not come within the definition of either a "civil action" or "adversary adjudication". Legislative history indicates that Congress did not intend a contrary result. The House Judiciary Committee in reporting favorably upon the EAJA expressly based its cost estimates on an exclusion of administrative proceedings under the Social Security Act.[4] The Congressional Budget Office's cost estimate observed that social security administrative adjudications are not adversarial, as defined by the bill.[5]

All costs, fees and expenses incurred in proceedings before the Secretary must be excluded from an award made to plaintiff under the EAJA.

### SUBSTANTIAL JUSTIFICATION

The remaining inquiries under § 2412(d) are twofold: first, whether "the position of the United States was substantially justified" or second, whether "special circumstances make an award unjust."

Although the EAJA is silent as to the meaning of the "substantially justified" standard, legislative history does provide significant guidance. Both the House and Senate Reports explain the standard as follows:

> The test of whether or not a Government action is substantially justified is essentially one of reasonableness. Where the Government can show that its case had a reasonable basis in law and fact, no award will be made.[6]

The fact that the "substantially justified" standard was based on Rule 37 of the Federal Rules of Civil Procedure[7] further indicates that the standard is essentially one of reasonableness.[8]

Although the "substantially justified" standard *essentially* looks to the reasonableness of the government action, it should be noted that Senate Committee on Judiciary refused to adopt an amendment to S. 265 which would have changed the language governing the award of fees from "substantially justified" to "reasonably justified."[9] Thus, it can be concluded that the applicable standard which this court must apply is slightly above one based on reasonableness.

Legislative history further makes it clear that the burden is on the Secretary to

4. H.R.Rep., *supra*, at 20.

5. Id. at 22.

6. H.R.Rep., *supra*, at 10; S.Rep., *supra*, at 6.

7. H.R.Rep., *supra*, at 18; S.Rep., *supra*, at 21.

8. Rule 37(a)(4) provides that reasonable expenses, including attorney's fees, shall be awarded to the prevailing party on a motion for an order compelling discovery unless the court finds that the position of the losing party was "substantially justified". Prior to the 1970 amendment to Rule 37 an award of expenses was made only if the losing party or person is found to have acted without substantial justification. The change requires that expenses be awarded unless the conduct of the losing party is found to have been substantially justified.

The Advisory Committee explained changes in the rule as follows:

> The present provision of Rule 37(a) that the court shall require payment if it finds that the defeated party acted without "substantial justification" may appear adequate, but in fact it has been little used ... The proposed change provides in effect that expenses should ordinarily be awarded unless a court finds that the losing party acted justifiably in carrying his point to the court. Moore's Federal Practice, 4A, 37.0[8], 37–23, (1981).

It appears that the changes in Rule 37(a) were intended to somewhat lighten the standard of "substantial justification" so that courts would be inclined to more frequently provide expenses and fees to the prevailing party.

9. S.Rep., *supra*, at 8.

demonstrate that his action was substantially justified.[10] The nature of this burden was described by both the House and Senate Report in identical terms:

> The standard, however, should not be read to raise a presumption that the government position was not substantially justified, simply because it lost the case. Nor, in fact, does the standard require the government to establish that its decision to litigate was based on a substantial probability of prevailing.[11]

Applying the standards set out, it is the finding of this court that the Secretary's actions were not substantially justified. In the court's memorandum opinion of December 14, 1979, in which the decision of the Secretary appealed from was reversed and remanded, this court found: "This court is forced to conclude that the ALJ applied incorrect legal standards or alternatively that the decision is not based on substantial evidence.[12] After a rehearing the Secretary again denied benefits to Wolverton. Plaintiff filed a motion in this court for summary judgment and on November 12, 1981 this court granted that motion. In the court's memorandum opinion it was found:

> The Administrative Law Judge is able to point to *no evidence in the record* supporting his finding of residual capacity
> . . .
> This court cautioned against taking administrative notice of the light and sedentary jobs available in the absence of evidence of the specific capacity retained by the claimant.
> The Administrative Law Judge relies on the testimony of the vocational consultant to show that the claimant can perform certain jobs. This testimony was based on a hypothetical finding of residual capacity. It may be useful if actual evidence of retained ability were present in the record. Without such evidence it is a dogless tail.

10. H.R.Rep. *supra*, at 10; S.Rep., *supra*, at 6.

11. H.R.Rep. *supra*, at 11; S.Rep., *supra*, at 7.

12. Memorandum Opinion at p. 5.

13. Memorandum Opinion, p. 4–5.

42 U.S.C. § 405(g) requires a decision of the Secretary to be supported by substantial evidence. After two complete trips through the administrative cycle, substantial evidence to support the Secretary is not found in the record. For this reason, the decision of the Secretary is reversed, summary judgment for the claimant is granted and the Secretary is ordered to pay appropriate disability benefits calculated from January 1, 1977 and continue benefits according to statute.[13]

As the Secretary points out, a finding that the Secretary's decision was not supported by substantial evidence does not require a concurrent finding by this court that the Secretary's position was not substantially justified. To hold otherwise would mean that EAJA fees were allowable in every case where the court found an absence of substantial evidence, a result certainly not intended by Congress.

This court found, in reversing the Secretary, not only that there was a lack of substantial evidence to support the Secretary's position, but rather that there was *no* evidence to support his position. The Secretary argues that the vocational expert testified that there were jobs which were available to the claimant. The vocational expert's testimony was in response to a hypothetical question put to him by the ALJ. It was the finding of this court that there was no basis in fact underlying the ALJ's hypothetical question. Again, there was no evidence supporting the Secretary in finding that the claimant had a residual capacity to work.

In summary, the court finds that the Secretary's position was not substantially justified.[14] Further, the court finds no special circumstances which would make an award unjust.

14. From the experience of this court it is a rare situation where the Secretary's decision is supported by no evidence whatsoever. For this reason it is anticipated that few cases will arise where the Secretary's position is not substantially justified.

It is hereby ordered that plaintiff is entitled to costs, fees and expenses pursuant to 28 U.S.C. § 2412 with regard to the plaintiff's civil action before this court. Accordingly, this court directs plaintiff to resubmit an application for fees and costs incurred in the action before this court. Any costs and fees incurred in administrative proceedings before the Secretary shall be excluded from plaintiff's application.