**Virginia ULRICH, Plaintiff,**

v.

**Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant.**

Civ. No. 82–1078.

United States District Court, D. Idaho.

Sept. 7, 1982.

Louis Garbrecht, Twin Falls, Idaho, for plaintiff.

Donald L. Harris, Asst. U. S. Atty., Boise, Idaho, for defendant.

## OPINION

RAY McNICHOLS, District Judge.

This matter comes before the court on plaintiff's Motion to Tax Costs and Attorney's Fees. Plaintiff timely filed this motion after prevailing in this court on her appeal to be provided Supplemental Security Income (SSI) benefits, which were originally denied by the defendant Secretary of Health and Human Services.

■ Plaintiff filed this motion pursuant to Idaho Rules of Civil Procedure (I.R.C.P.) 54 and 28 U.S.C. § 2412 (Supp. IV 1980). Motions in United States District Court are governed by Federal Rules and statutes. *U. S. for Acme Granite & Tile Co. v. F.D. Rich Co.,* 441 F.2d 1143 (9th Cir. 1971) cert. denied 404 U.S. 823, 92 S.Ct. 48, 30 L.Ed.2d 51 (1971). I.R.C.P. 54 does not provide an applicable avenue for the motion before the court. However, 28 U.S.C. § 2412 (Supp. IV 1980) does apply to the following two items which plaintiff seeks to recover:

I. Costs

II. Attorney Fees

28 U.S.C. § 2412 (Supp. IV 1980), known as the Equal Access to Justice Act (EAJA), allows prevailing civil litigants to recover attorneys fees and other expenses in actions against the United States unless the government action was substantially justified. The Act also allows costs to be awarded against the government in accordance with 28 U.S.C. § 1920 (Supp. IV 1980).[1]

The EAJA was enacted by Congress, effective October 1, 1981, as a three-year "limited experiment"[2] in an attempt to place the Federal Government and civil litigants on equal footing.[3] The purpose of the Act is to diminish the deterrent monetary expense of seeking review of, or defending against, unreasonable governmental action.[4]

The two statutory provisions relevant to this case are 28 U.S.C. § 2412(a) and 28 U.S.C. § 2412(d)(1)(A). These provisions state:

(a) Except as otherwise specifically provided by statute, a judgment of costs, as enumerated in section 1920 of this title, but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States or any agency and any official of the United States acting in his or her official capacity in any court having jurisdiction of such

---

1. 28 U.S.C. § 1920 Taxation of costs: A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and copies of papers necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; and (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses and costs of special inter-

pretation services under section 1828 of this title. A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

2. The Act contains a sunset provision and subsection (d), which provides attorney fees and expenses unless the government action is substantially justified, is repealed October 1, 1984.

3. 1980 U.S.Code Cong. & Ad.News 4992.

4. Pub.L. 96–481, Sec. 202(c)(1).

action. A judgment for costs when taxed against the United States shall, in an amount established by statute, court rule, or order, be limited to reimbursing in whole or in part the prevailing party for the costs incurred by such party in the litigation.

(d)(1)(A) Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort) brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

## I. COSTS

The plaintiff has moved to recover $71.00 in costs; $60.00 for filing fees and $11.00 for U. S. Marshal's service fee. The defendant Secretary has not opposed this portion of plaintiff's motion.

Unlike attorney fees, costs may be awarded even if the government action is substantially justified. Rule 54 of the Federal Rules of Civil Procedure allows costs against the United States to the extent permitted by law. Since fees of the clerk and marshal may be taxed as costs under 28 U.S.C. § 1920(a)[5], and since plaintiff's request for costs is reasonable, she is awarded the $71.00 in costs requested.

## II. ATTORNEY FEES

Plaintiff has moved to recover $900.00 in attorney fees; 12 hours of legal work at $75.00 an hour. Plaintiff makes this motion pursuant to 28 U.S.C. § 2412(d)(1)(A) alleg-

ing that the defendant's action was not substantially justified and that there are no special circumstances which would make an award unjust. The defendant opposes such an award.

It should initially be noted that because the decisions of the Secretary in social security cases are based upon evidence in the record, few cases will arise where the position of the Secretary is not substantially justified. See *Wolverton v. Schweiker,* 533 F.Supp. 420 (D. Idaho 1982) at 425, n. 14.

The test of whether or not a Government action is substantially justified is essentially one of reasonableness.[6] The legislative history points out that the substantially justified standard was chosen with reference to the 1970 amendments to Rule 37(a)(4) of the Federal Rules of Civil Procedure,[7] further indicating a standard of essentially reasonableness (S.Rep.No. 96–253 1st Sess. at 21 [1979] ). However, it should be noted that the Senate Judiciary Committee refused to adopt an amendment which would have changed the language governing the award of fees from "substantially justified" to "reasonably justified" (S.Rep. supra, at 8). Therefore the applicable standard is slightly above one based on reasonableness. *Wolverton v. Schweiker* at 424.

Legislative history makes it clear that the burden is on the Secretary to demonstrate that his action was substantially justified and that the case had a reasonable basis both in law and fact. However, the standard should not be read to raise a presumption that the government position was not substantially justified, simply because it lost the case.

Although the court's earlier reversal of the Secretary's decision to deny benefits was based on a lack of substantial evidence, it does not automatically mean that the Secretary's position was not substantially justified.

---

5. Id. note 1.

6. See the discussion of the "substantially justified" standard in S.Rep.No. 96–253, 1st Sess. 6–7 (1979) and H.R.Rep.No. 96–1418, 2nd Sess. 10–11 (1980) *reprinted in* 1980 U.S.Code Cong. & Ad. News 4989–4990.

7. Rule 37(a)(4) provides that reasonable expenses, including attorney's fees, shall be awarded to the prevailing party on a motion for an order compelling discovery unless the court finds that the losing party acted justifiedly in carrying his point to the Court.

At issue in the original case was whether Mrs. Ulrich's headaches and related problems rendered her disabled. There was a genuine dispute whether Mrs. Ulrich met the qualifications of the social security laws entitling her to SSI benefits. There was also a genuine factual dispute regarding her headaches, which despite years of medical attention, could not specifically and objectively be diagnosed or explained. The court's decision to award benefits was a close call and the Secretary was substantially justified in his actions.

### CONCLUSION

The plaintiff is entitled to taxation of costs in the amount of $71.00. Plaintiff is denied attorney fees because the government's action was substantially justified.