554 F.Supp. 108 (1982)
Harold Hayes ALLEN, Jr., Petitioner,
v.
Casper WEINBERGER, et al., Respondents.
No. 82-1034C(3).
United States District Court, E.D. Missouri, E.D.
December 15, 1982.
*109 Peter L. Sissman, Arlington, Va., Leonard J. Frankel, Clayton, Mo., for petitioner.
Joseph B. Moore, Asst. U.S. Atty., St. Louis, Mo., John T. Burton, Major, JAGC, Military Personnel Branch, Litigation Div., Washington, D.C., for respondents.

MEMORANDUM AND ORDER
FILIPPINE, District Judge.
This matter is before the Court on petitioner's application for attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Petitioner and respondents have filed memoranda in support of their respective positions.
Petitioner is a medical doctor who was enrolled in the Army Health Professions Scholarship Program. Under the program, petitioner received a scholarship and stipend while attending medical school and incurred an active duty obligation with the Army in return. Petitioner filed this action, in which he sought a writ of habeas corpus, rescission of his contract with the Army, and injunctive relief, because he contended that the Army had not delivered all of the benefits it had promised him. Specifically, petitioner argued that he had been guaranteed a tax-free stipend, entry into an Army post-graduate program, and entry onto active duty at the rank of Major.
The Court heard evidence on the issues raised by petitioner and on September 1, 1982, entered its memorandum opinion in which the Court found for the respondents on all of petitioner's claims. Specifically, the Court held that no guarantees had been made to petitioner regarding the tax status of his stipend, eligibility for Army postgraduate training, or active service entry rank. Moreover, the Court held that even if petitioner had been made guarantees on these matters, petitioner received exactly what he had bargained for. First, petitioner's stipend was tax free, and money erroneously withheld for a period had been refunded. Second, petitioner's contract specifically *110 stated that admission to Army post-graduate training was on an "if selected" basis. Last, petitioner's orders to report to active duty as a Captain were amended before trial to change his entry rank to Major after correction of a miscalculation as to petitioner's constructive service time. The Court specifically found that there was no bad faith on the part of respondents evidenced by this latter adjustment.
The Equal Access to Justice Act, 28 U.S.C. § 2412, allows an award of attorneys' fees against the government when a party prevails against the government and the government's position in the action was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A). Thus, in order to recover attorneys' fees, petitioner must have been the prevailing party in this action and show that the government's position was not substantially justified.
Petitioner argues that because he was given the entry level rank of Major he was the prevailing party here. He contends that but for this action he would not have received this benefit. The Court, however, does not accept petitioner's argument for several reasons. First, petitioner did not bring this action seeking to have his entry level rank changed to Major. Rather, petitioner sought rescission of his contract and freedom from his obligation to the Army. Second, the Court ruled against petitioner on all aspects of his claims. Last, petitioner has not demonstrated that this action was necessary to have his rank changed. Had he been seeking only a correction of his designated entry level rank, he could have pursued available administrative remedies, and presumably, the miscalculation of his constructive service time would have been ameliorated.[1] Further, petitioner's entry level rank was changed to Major before trial. Accordingly, the Court does not believe petitioner was the prevailing party in this action.
Even if petitioner had been the prevailing party, the Court believes that the government's position was "substantially justified." Within the terms of the EAJA, "substantially justified" has been held to be a slightly higher standard than the "reasonableness" test. Wolverton v. Schweiker, 533 F.Supp. 420, 424 (D.Idaho 1982). Thus, the government's position is "substantially justified" if its case had a "reasonable basis both in law and fact." S & H Riggers & Erectors, Inc. v. OSHA Review Comm'n, 672 F.2d 426, 430 (5th Cir.1982). Obviously the Court, in ruling for respondents on all of petitioner's claims, felt that respondents' case had at least a reasonable basis in law and fact. Therefore, the Court holds that the government's position in this action was "substantially justified" within the meaning of 28 U.S.C. § 2412(d)(1)(A).
In accordance with the foregoing,
IT IS HEREBY ORDERED that petitioner's application for attorneys' fees be and is DENIED.
NOTES
[1] As noted above, the Court found no evidence of bad faith on the part of the Army with respect to computation of petitioner's entry level rank.