**Leguratha PHILLIPS, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary, United States Department of Health and Human Services, Defendant.**

**No. C–C–81–375–M.**

United States District Court, W.D. North Carolina, Charlotte Division.

Nov. 2, 1983.

Louis L. Lesesne, Jr., Charlotte, N.C., for plaintiff.

Richard Poe, Asst. U.S. Atty., Charlotte, N.C., for defendant.

## ORDER

McMILLAN, District Judge.

Plaintiff in this case was receiving disability benefits until April of 1980, when her benefits were discontinued pursuant to the decision of an Administrative Law Judge (ALJ). The Appeals Council of the

Social Security Administration refused to review the decision, and it then became the final decision of the Secretary for Health and Human Services. Plaintiff sought review of the Secretary's decision in this court in accordance with 42 U.S.C. § 405(g).

After a hearing before this court, the case was remanded because the Secretary's decision was not supported by substantial evidence. The court specifically noted in its order that the record was not adequately developed as to "what, if any, limitations plaintiff's diabetes and hypertension place on her ability to work."

Plaintiff was given another ALJ hearing, and plaintiff's benefits were again denied. That decision, like the first, became the final decision of the Secretary for Health and Human Services.

Approximately one year after the first judicial hearing, the matter again came before this court for review. This time, however, the court reversed the Secretary's decision and instructed the Secretary to reinstate plaintiff's Social Security disability benefits retroactive to the date of termination. In its memorandum of decision, the court gave the following reasons for its order:

> When SSA determined that plaintiff was disabled, it listed hypertension as a primary cause of her disability. Because, in his initial decision, the Secretary ignored the effects of plaintiff's hypertension (compounded by diabetes) on her ability to work, the court remanded the case to the Secretary specifically to consider such effects. Despite this instruction, and despite the absence of any evidence that plaintiff's hypertension had improved or was being treated effectively, on remand the ALJ failed to make any findings about the effects of hypertension on plaintiff's ability to work....

\*    \*    \*    \*    \*    \*

Both at her original hearing and on remand, plaintiff made out a *prima facie* case of disability. *See Hall v. Harris*, 658 F.2d 260 (4th Cir.1981). At that point, the burden shifted to the Secretary of going forward with evidence that jobs that plaintiff can perform exist in substantial numbers in the national economy. *Id.* The Secretary has had two opportunities to meet this burden and has failed to do so on both occasions. The court finds that no useful purpose would be served by yet another remand of this case....

After the order reversing the Secretary's decision, plaintiff moved for an attorney's fee award under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Defendant opposes the motion.

### I

The EAJA provides that, unless otherwise provided by statute, a prevailing party in a case brought by or against the United States is entitled to fees and costs unless the United States can establish that its position in the litigation was "substantially justified or that special circumstances made an award unjust." 28 U.S.C. § 2412(d)(1)(A).

The purpose of the EAJA is clear:

> The EAJA rests on the premise that certain individuals and organizations may be deterred from seeking review of, or defending against, unreasonable governmental action due to the expense involved in securing the vindication of their rights. The purpose of the Act is to reduce existing deterrents by entitling certain prevailing parties to recover an award of attorney fees, expert witness fees, and other expenses against the United States unless the government action was substantially justified.

*Wolverton v. Schweiker*, 533 F.Supp. 420, 422 (D.Idaho 1982).

■ It is also clear that fees may be awarded under the EAJA in Social Security cases. *Shumate v. Harris*, 544 F.Supp. 779 (W.D.N.C.1982); *Ocasio v. Schweiker*, 540 F.Supp. 1320 (S.D.N.Y.1982); *Wolverton v. Schweiker*, 533 F.Supp. 420 (D.Idaho 1982).

■ In determining whether to award fees under the EAJA, the court must determine whether the government's position was "substantially justified." The burden is on the Secretary to show that his action met that standard. *See, e.g., Ulrich v. Schweiker*, 548 F.Supp. 63 (D.Idaho 1982). The "substantially justified" standard is essentially one of reasonableness, *Tyler Business Services, Inc. v. NLRB*, 695 F.2d 73 (4th Cir.1982), although "it can be concluded that the applicable standard which this court must apply is slightly above one based on reasonableness." *Wolverton v. Schweiker*, 533 F.Supp. 420, 424 (D.Idaho 1982). *See also Ulrich v. Schweiker*, 548 F.Supp. 63, 65 (D.Idaho 1982).

## II

■ One need not know the precise level of "reasonableness" to apply to this case, however; the position of the Secretary was eminently *un*reasonable, and was not substantially justified. As the court noted in its judgment, the Secretary's initial decision was made while completely ignoring the effects of plaintiff's hypertension and diabetes on her ability to work. Of course, this alone might not have mandated an award under the EAJA. But the Secretary's second decision, in which he ignored both the effects of plaintiff's hypertension and diabetes and the order of this court to consider those effects, shows that the Secretary's position was not substantially justified.

The court agrees with the Secretary's assertion that a finding of absence of substantial evidence should not automatically generate a finding that the decision was not substantially justified. Such a finding would compel an EAJA fee award in every case where the court found a lack of substantial evidence.

This case, however, involves a more egregious act by the Secretary than a decision based on insubstantial evidence. This was a decision made without *considering* the evidence. Although the Secretary had determined hypertension to be a primary cause of plaintiff's disability, the Secretary twice failed to consider the effects of this on plaintiff's ability to work. Furthermore, the Secretary, on the second try, had the benefit of this court's remand order outlining the issues to be considered. Since the Secretary refused to consider plaintiff's hypertension in this respect, the decision was not based on the relevant evidence.

The Secretary has noted this court's agreement that there was substantial evidence to support the Secretary's decision regarding plaintiff's pain. However, the fact that some of the Secretary's other findings may have been supported by substantial evidence is of no import. The ultimate issue was whether any or all of plaintiff's infirmities resulted in disability. The Secretary was unjustified in finding that the plaintiff was not disabled when the Secretary continually refused to consider evidence bearing on that question.

Application of the earlier-mentioned standards to these facts shows that the Secretary's position was not "substantially justified" as that term is used in the Equal Access to Justice Act.

Finally, the court finds that there are no "special circumstances [which] make an award unjust." 28 U.S.C. § 2412(d)(1)(A). In fact, such an award is particularly "just" under these circumstances. Here, the Secretary's unreasonable position has caused the plaintiff to engage in a lengthy administrative proceeding involving two hearings before administrative law judges, two appeals within the Social Security Administration, and two hearings before this court. Also, the Secretary's action was especially indefensible in that the Secretary failed to comply with a court order.

■ Therefore, the court finds that the plaintiff is entitled to fees and costs under the EAJA. Not all the time spent on this case by plaintiff's counsel is compensable under the EAJA. The EAJA does not apply to administrative proceedings under the Social Security Act. *Ocasio v. Schweiker*, 540 F.Supp. 1320 (S.D.N.Y.1982). Plaintiff's counsel is entitled to compensation

under the EAJA only for the services rendered in the district court in this civil action. Counsel has submitted affidavits with his petition for fees which cover the time, efforts and costs expended in pursuing the matter before this court.

The court has reviewed the petition in light of the requirements of *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974), and *Barber v. Kimbrell's, Inc.*, 577 F.2d 216 (4th Cir.1978), and under the procedure laid out in *Anderson v. Morris*, 658 F.2d 246 (4th Cir.1981), and makes findings on pertinent factors as follows:

1. *The time and labor expended.*—The affidavits of plaintiff's counsel demonstrate that Attorney Lesesne worked 58.25 hours on the civil action to review the Social Security decisions of the agency and to prepare the petition for attorney's fees. These hours were reasonably and efficiently spent.

5. *Customary fee for like work.*—Counsel requests a fee of $75.00 per hour. This court has allowed fees at a higher rate in other cases, and has awarded a higher fee to this attorney in other cases. A rate of $75.00 per hour, the maximum allowed under the Equal Access to Justice Act, is reasonable in this case. Based upon factors 1 and 5, therefore, the court concludes that a reasonable initial fee is $4,368.75, plus costs and expenses.

After having established a *prima· facie* reasonable fee, based on factors 1 and 5, the court now considers the other ten factors of *Georgia Highway Express, supra.*

2. *The novelty and difficulty of the questions raised.*—The issues in this case were not novel or particularly difficult. This factor has no effect on the award.

3. *The skill required for proper performance of the legal services rendered.*—The skill required and displayed was excellent and would support an increase in the fee.

4. *Loss of other income on account of this case.*—This factor was not significant here.

6. *The attorney's expectation at the outset of the litigation.*—This was a contingent fee case, where counsel gets paid only if he wins. Statutory fees, even if paid out of plaintiff's recovery, are allowable up to 25% of the recovery.

7. *Time limitations imposed by the client or the circumstances.*—This factor has no effect on the award.

8. *The amount in controversy and the results obtained.*—Plaintiff obtained an order reversing the Secretary's finding that plaintiff's disability ended in April, 1980. The resulting award of benefits may be substantial.

9. *Experience, reputation, and ability of counsel.*—All these factors are excellent and would support an increase in the fee.

10. *The undesirability of the case within the legal community.*—This factor has no particular significance.

11. *Nature and length of the professional relationship.*—This factor does not affect the award.

12. *Attorney's fee awards in similar cases.*—The fee herein awarded is reasonable when compared with other awards in similar cases.

Taking all of the above factors into consideration, the court is of the opinion that a fee of $4,368.75 is reasonable and earned, and should be paid.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:

1. That the reasonable value of the services rendered by plaintiff's counsel which are properly taxable under the Equal Access to Justice Act is $4,368.75.

2. That this amount shall be paid to Attorney Louis L. Lesesne by the United States as his full and only fee for representing plaintiff in the district court in this civil action. This order does not preclude plaintiff's counsel from receiving an additional fee from plaintiff for his services at the administrative level. He may request that his additional fee be withheld from plaintiff's past-due benefits, as provided by 42 U.S.C. § 406(b)(1). Any request for fees

to be awarded from plaintiff's past-due benefits shall be accompanied by the appropriate information on the amount of benefits awarded to plaintiff and withheld by the Secretary in anticipation of payment of fees, once those figures are calculated by the Secretary.

3. That defendant also pay plaintiff's attorney's expenses and costs of the civil action of $100.09.