Alvin E. HANSON, Plaintiff,

v.

Margaret M. HECKLER, Secretary of Health & Human Services, Defendant.

No. C-83-258-JLQ.

United States District Court, E.D. Washington.

Aug. 30, 1984.

David W. Warby, Wenatchee, Wash., for plaintiff.

James B. Crum, Asst. U.S. Atty., Spokane, Wash., for defendant.

## MEMORANDUM OPINION & ORDER PARTIALLY GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES

QUACKENBUSH, District Judge.

Before the court is plaintiff's application for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), (Supp. IV 1980). Plaintiff was represented by Attorney David W. Warby, and the defendant by James B. Crum, Assistant United States Attorney. The matter was submitted on the briefs and record without oral argument.

The EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... against the United States ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." The Ninth Circuit has established that the EAJA applies in Social Security cases. *Wolverton v. Heckler*, 726 F.2d 580 (9th Cir.1984).

It is undisputed that the plaintiff "prevailed" in this action. This court found that substantial evidence did not exist to support the Administrative Law Judge's denial of benefits (CR 16). How-

ever, the fact that the government lost the case does not raise a presumption that its position was not substantially justified. *Foster v. Tourtellotte,* 704 F.2d 1109, 1112 (9th Cir.1983); *United States v. First National Bank of Circle,* 732 F.2d 1444, 1447 (9th Cir.1984). The government has the burden to show "that its case had a reasonable basis both in law and in fact." *Southern Oregon Citizens Against Toxic Sprays, Inc. v. Clark,* 720 F.2d 1475, 1481 (9th Cir.1983).

■ In the instant case, this court found that the A.L.J. failed to properly evaluate the testimony of the two physicians involved in this case, Drs. Stevenson and McCollum (CR 16, pps. 15–19). Dr. McCollum was the plaintiff's attending physician and Dr. Stevenson independently examined the plaintiff at the request of the Washington State Department of Social & Health Services under contract with the Social Security Administration. The A.L.J. failed to set forth "clear and convincing reasons" for disregarding the testimony of the doctors. This court found that the doctors' conclusions were, in fact, clearly supported by clinical findings (CR 16 at p. 18).

Upon denial of the plaintiff's claim by the A.L.J., counsel for the plaintiff petitioned the Appeals Council for reversal of the A.L.J.'s decision and filed a clear and concise brief in support thereof (Tr. 7). This brief called the attention of the Appeals Council to the very same factual and legal errors which this court found in its Memorandum Opinion. The Appeals Council rejected these valid claims. The plaintiff then filed this action and once again the government failed to acknowledge the errors of fact and law which existed in the A.L.J. and Appeals Council decisions. Based upon the foregoing, this court finds that the government has failed to establish that its pre-litigation and litigation positions were "substantially justified." By reason thereof, the plaintiff is entitled to recover reasonable attorney fees.

■ Plaintiff has requested attorney fees for both the time spent on his claim during the administrative proceedings before the Secretary and the time spent in the action in this court. 28 U.S.C. § 2412(d)(1)(A) authorizes the award of attorney fees incurred in a "civil action." The legislative history and the cases construing the EAJA cause this court to conclude that only fees incurred in the pursuit of the plaintiff's claim in this court are recoverable. See *Wolverton v. Schweiker,* 533 F.Supp. 420, 423 (D.C.Idaho 1982). The fees incurred in pursuing the claim at the administrative level are not included in the EAJA.

Counsel for plaintiff has filed his affidavit seeking attorney fees and costs totaling $6,787.65, based upon an expenditure of 83.25 hours of attorney's time at $75.00 per hour. Only 14.50 hours of that time was expended in pursuing the action in this court. The government has not claimed that the $75.00 hourly rate is inappropriate. While plaintiff's application for fees has not specifically addressed the factors set forth in *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 90 (9th Cir.1975), the court has reviewed the fee request with those factors in mind. The court is likewise mindful of Justice Powell's admonition in *Hensley v. Eckerhart, et al.,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) that the setting of fees shall not involve a "second trial." See also Chief Judge Burn's comments in *Rawlings v. Heckler,* 725 F.2d 1192, 1193, 1196 (9th Cir.1984) re: the "attorney fees" tail wagging the "merits" dog.

I have concluded that the plaintiff is entitled to recover attorney fees in the amount of $1,087.50, representing claimed hours of 14.50 at an hourly rate of $75.00.

The Clerk of this court is directed to file this Opinion, forward copies to counsel, and enter judgment as stated herein.