Teodoro PEREZ, Plaintiff,

v.

SECRETARY OF the UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, Defendant.

No. CV 83–0337.

United States District Court, E.D. New York.

Dec. 28, 1987.

MEMORANDUM AND ORDER

WEXLER, District Judge.

In a Memorandum and Order dated September 12, 1983, this Court reversed the decision of the Secretary of Health and Human Services ("Secretary") that plaintiff was not disabled prior to May 8, 1981 and remanded the case to the Secretary to determine the date of onset of plaintiff's disability. On remand, the Secretary again rendered a final decision that plaintiff was not disabled prior to May 8, 1981. This Court again reversed the Secretary's decision and remanded the case for a determination of the onset of plaintiff's disability prior to May 8, 1981. On the second remand, the Secretary determined that plaintiff was entitled to a period of disability commencing in September 1980. Plaintiff now moves for an award of attorney fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA").

The EAJA provides for an award of reasonable attorney fees to a party prevailing in litigation against an agency of the United States, unless the Court determines that the position of the agency was substantially justified or that special circumstances would make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The agency bears the burden of showing that its position in litigation before the Court was substantially justified, and a strong showing must be made to meet this burden. *Environmental Defense Fund v. Watt*, 722

E.2d 1081, 1085 (2d Cir.1983); *Correa v. Heckler*, 587 F.Supp. 1216, 1221–22 (S.D.N.Y.1984). The agency's position does not lack substantial justification merely because plaintiff prevails; rather, the test is whether the agency's position was "reasonable." *Boudin v. Thomas*, 732 F.2d 1107, 1116 (2d Cir.1984). The government has failed to meet its burden in this case.

In its September 12, 1983 Opinion, the Court noted that the Administrative Law Judge ignored a great deal of medical evidence in reaching his conclusion. Then, after this Court reversed the Secretary's decision and remanded the case for the sole purpose of determining an onset date of plaintiff's disability prior to May 8, 1981, the defendant maintained its position that the plaintiff was not disabled prior to May 8, 1981, thus causing the plaintiff to return to this Court for the issuance of a second order reversing the Secretary's decision and remanding the case. The Secretary's second final determination was not only substantially unjustified but directly contradicted the Court's Order. Plaintiff is therefore entitled to an award under the EAJA.

The Court now turns to the proper size of the award. Plaintiff's counsel has submitted the contemporaneous time records required by *New York State Association for Retarded Children v. Carey*, 711 F.2d 1136, 1147–48 (2d Cir.1983), which indicate that counsel spent a total of twenty two hours of work in connection with plaintiff's case. The Court holds that attorney fees should be awarded at the rate of $90.00 per hour. 28 U.S.C. § 2412(d) provides that "attorney fees shall not be awarded in excess of $75.00 per hour unless the Court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d) became effective October 1, 1981. The Court finds that the increase in the cost of living between October 1981 and December 1987 justifies a $15.00 per hour attorney fee increase. Plaintiff is therefore entitled to an award of $1,980.00 which represents twenty two hours worth of service his attorney provided at a rate of $90.00 per hour.

SO ORDERED.