Johnny R. STEWART, Plaintiff,

v.

Louis W. SULLIVAN, M.D., Secretary of Health & Human Services, Defendant.

Civ. No. 91–00249 HMF.

United States District Court, D. Hawaii.

Jan. 11, 1993.

tion shall be dismissed as to the deceased party.

---

Green & Countiss, B. Regina Green, James T. Countiss, Honolulu, HI, for plaintiff.

Daniel A. Bent, U.S. Atty., Michael Chun, Asst. U.S. Atty., Honolulu, HI, for defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES

FONG, District Judge.

## INTRODUCTION

On November 16, 1992, the court heard plaintiff's first amended motion for award of attorney fees, filed on September 25, 1992. Defendant filed an opposition on October 16, 1992.

## BACKGROUND

The underlying case involved a request for judicial review, pursuant to 42 U.S.C. § 405(g), of a final decision of the Secretary of Health and Human Services denying plaintiff disability insurance benefits under Title II of the Social Security Act. Plaintiff applied for disability benefits on March 18, 1987. Benefits were denied, and plaintiff appealed through the usual procedure, resulting in an Administrative Law Judge (ALJ) hearing. The ALJ denied plaintiff benefits.

The Appeals Council vacated the ALJ's decision, noting that additional medical information was needed to assess plaintiff's claims. The Appeals Council remanded with specific instructions to obtain additional medical expert testimony regarding plaintiff's impairments and to obtain vocational expert testimony based on hypotheticals that included all of plaintiff's impairments. At the second ALJ hearing, no additional medical testimony was presented, and the hypotheticals presented to the vocational expert still did not include all of plaintiff's impairments. The Appeals Council affirmed this ALJ decision.

Plaintiff then filed this action in the United States District Court. Following consideration of cross-motions for summary judgment, this court issued an order vacating the ALJ decision and remanding for a new hearing, with instructions for additional testimony about plaintiff's impairments. *See* Order Requiring Additional Evidence to be Taken Before the Secretary of Health and Human Services, December 13, 1991. This court amended its order of remand to make clear that it was a final order pursuant to sentence four of 42 U.S.C. § 405(g). *See* Order Granting Defendant's Motion to Alter or Amend Order of Remand and Denying Plaintiff's Cross-motion to Alter or Amend Order of Remand, January 27, 1992. The ALJ ultimately decided in favor of plaintiff after the hearing on April 9, 1992.

Plaintiff filed a motion for attorney fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), on April 27, 1992, seeking an amount of $13,-867.03. This court denied that motion without prejudice because it was not yet ripe (no written ALJ opinion had been issued), but deemed any renewal of the motion to have been filed as of June 15, 1992, so as to preserve plaintiff's rights under the statute. The ALJ issued its written opinion in favor of awarding plaintiff disability benefits on May 29, 1992.

Plaintiff has renewed his motion for attorney fees in the amount of $15,019.37, plus any additional amounts proven later and prior to or at hearing. This amount represents 96.98 hours of attorney time, billed at $140 per hour, 13.3 hours of paralegal time billed at $65 per hour, plus 4% state excise tax, for the period through August 25, 1992. These fees are requested for the preparation and filing of the Complaint, the preparation of a Scheduling Conference Statement and attending the Scheduling Conference, attempted negotiation, preparing a Motion for Summary Judgment and Memoranda in Support of Motion for Summary Judgment and in Opposition to Defendant's Cross-motion for Summary Judgment, oral argument at hearing on these motions, and Opposition to Defen-

dant's Post-hearing Motion to Alter or Amend the Judgment, and for preparing the initial and amended Motion for Attorney's Fees.

Defendant objects on four grounds: (1) that the government's position was substantially justified, (2) that the number of hours spent by plaintiff's attorney was excessive, (3) that plaintiff's proposed hourly rate is excessive, and (4) that plaintiff cannot charge the government for tax.

## DISCUSSION

### I. *ELIGIBILITY FOR ATTORNEY'S FEES*

The Equal Access to Justice Act (EAJA) provides that

> [e]xcept as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action (other than cases sounding in tort), brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was not substantially justified....

28 U.S.C. § 2412(d)(1)(A). Application for fees and other expenses must be submitted to the court within thirty days of final judgment. 28 U.S.C. § 2412(d)(1)(B). Thus, there are two preliminary inquiries in determining whether plaintiff is entitled to an award of reasonable attorney fees: (1) whether plaintiff is a prevailing party for whom a final judgment has been entered in the action, and (2) whether the government's position was substantially justified.

### A. PLAINTIFF WAS PREVAILING PARTY IN FINAL JUDGMENT

In light of the ALJ written opinion awarding disability benefits to plaintiff, issued upon remand by the U.S. District Court, plaintiff is clearly a prevailing party in a final judgment. *See Paulson v. Bowen,* 836 F.2d 1249 (9th Cir.1988). In fact, under *Melkonyan v. Sullivan,* —— U.S. ——, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), the December 13, 1992 order requiring additional evidence is considered to be the final judgment.

### B. NO SUBSTANTIAL JUSTIFICATION FOR GOVERNMENT POSITION

28 U.S.C. § 2412(d)(1)(B) provides that

> Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

The government's position is substantially justified if there is a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action. *Pierce v. Underwood,* 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). The government's position need only be "justified in substance or in the main." *Id.* In other words, the government's position is substantially justified if it has a "reasonable basis both in law and fact." *Albrecht v. Heckler,* 765 F.2d 914, 915 (9th Cir.1985). The government's position consists not only of its litigation position, but also the totality of circumstances before and during trial. *Wolverton v. Heckler,* 726 F.2d 580, 583 (9th Cir.1984). The government bears the burden of showing that its actions were reasonable. *Kali v. Bowen,* 854 F.2d 329 (9th Cir.1988).

Plaintiff argues that defendant's litigation position was not substantially justified in that defendant failed to adequately document plaintiff's impairments in its two ALJ hearings, despite the admonition of the Appeals Council in its remand instructing the ALJ to obtain additional medical evidence and vocational expert testimony regarding the full range of plaintiff's impairments. Defendant's failure has forced plaintiff to "undergo three different administrative law judge hearings, as well as the considerable expense of a federal district court action virtually identical to an appellate case."

The Ninth Circuit requires that the ALJ must present hypothetical questions to a vocational expert (if one is required) that include all of the claimant's impairments. *See Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir.1988); *Varney v. Secretary of HHS*, 846 F.2d 581, 585 (9th Cir.1988). Failure to do so has been held by other courts not to be substantially justified. See *Phillips v. Heckler*, 574 F.Supp. 870 (W.D.N.Y.1983) (agency lacked substantial justification when failed to consider effects of claimant's hypertension and diabetes, despite court order to do so, causing claimant to engage in protracted litigation); *Hills v. Sec'y of HHS*, 726 F.Supp. 434 (E.D.N.Y. 1989) (agency lacked substantial justification when, among other defects, failed to consider claimant's visual impairment). Therefore, the government's position on the first hearing was not substantially justified because the agency did not consider all of plaintiff's impairments and their combined effects.

Not only did defendant fail to consider all of plaintiff's impairments at the first ALJ hearing, but it failed to do so at the second hearing as well, despite the remand instructions from the Appeals Council that admonished the ALJ to include all of plaintiff's impairments on the record. The Appeals Council instructed the ALJ to obtain medical testimony regarding the severity of plaintiff's impairments and the extent of the limitations stemming therefrom, as well as further testimony from a vocational expert based on hypotheticals that included all of plaintiff's impairments and limitations (hand tremors, lung disease, arthritis, hearing loss). At the second hearing, however, no new medical testimony concerning plaintiff's impairments were presented, nor were any hypotheticals presented about one of plaintiff's impairments (hearing loss).

This court found previously that there was substantial evidence in the record to support two of the ALJ's conclusions: that plaintiff was capable of doing sedentary work, and that plaintiff had transferrable skills. *See* Order Requiring Additional Evidence to be Taken Before the Secretary of Health and Human Services, December 13, 1991. This court's findings do not, however, mandate a finding that the government's position, as a whole, was substantially justified. The U.S. Supreme Court has held that courts must evaluate the government's position as a whole, not line-item by line-item. *Commissioner, INS v. Jean*, 496 U.S. 154, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990). The problem with the ALJ's first two hearings was that they failed to develop the record fully—the second time, in direct contradiction to the Appeals Council's instructions. The ALJ's determinations may have been supported by the the record, but the record was incomplete because the ALJ failed to follow the Appeals Council's instructions. Moreover, in cases with similar fact situations, other courts have held that the failure of an agency to follow the court's instructions on remand supports a finding that the agency's decisions were not substantially justified. *See, e.g., Phillips v. Heckler*, 574 F.Supp. 870 (W.D.N.Y.1983); *Perez v. Secretary of U.S. Dept. of Health & Human Serv.*, 675 F.Supp. 93 (E.D.N.Y.1987).

Accordingly, the court finds that defendant's position was not substantially justified. Given the failure of the agency to adequately develop the record of plaintiff's impairments and limitations, even after explicit instructions on remand from the Appeals Council, the court finds that plaintiff is entitled to attorney fees under the EAJA, 28 U.S.C. § 2412(d)(1)(A).

## II. *CALCULATION OF ATTORNEY FEES*

### A. NUMBER OF HOURS

Plaintiff seeks fees for 96.98 hours of attorney time and 13.3 hours of paralegal time. Defendant objects to this amount of time, arguing that the case was a routine, uncomplicated social security case. The EAJA provides only for an award of reasonable attorney fees; therefore, the question before the court is whether 110.28 hours was a reasonable amount of time to spend on these matters. Defendant suggests that 40 hours of attorney time would have been reasonable.

The court is cognizant that this case was more complex than and required more time than a run-of-the-mill social security case. The case involved two administrative hearings, an administrative appeal, and a district court proceeding that was essentially an appeal; the disability issues were complicated by plaintiff's age and multiple impairments (both exertional and nonexertional), and the issues of transferability of skills and vocational adjustment; the case required a vocational expert and reference to Dictionary of Occupational Titles. Absent any evidence of obvious "padding" of hours that would lead the court to doubt the credibility of plaintiff's application, the court will not conduct a line by line evaluation of the application. The court finds no evidence of "padding"; therefore, the court will award attorney fees for the total 110.28 hours.

## B. PROPOSED HOURLY RATE DEPARTS FROM STATUTORY CAP

28 U.S.C. § 2412(d)(2)(A) provides that attorney fees shall not be awarded in excess of $75.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

Plaintiff argues that a departure from the statutory cap of $75.00 per hour, to a rate of $140.00 per hour, is warranted because of an increase in the cost of living since the EAJA was enacted. In addition, he argues that because of the special circumstances, there are a limited number of qualified attorneys who would not be able to continue to represent social security claimants if they are not paid at competitive rates. Plaintiff's attorney normally charges his clients $150 per hour.

### 1. *Cost of Living Adjustment*

 It is within the court's discretion to depart from the statutory cap on attorney fees to reflect an increase in the cost of living since the enactment of the EAJA. Plaintiff proposes to use the Department of Labor's Consumer Price Index (CPI) for Honolulu, which had increased 63.4% from

October 1981 to the first half of 1992. At that rate, plaintiff's attorney would be compensated at $122.55 per hour. In all the cases the court has reviewed, however, including the cases cited by plaintiff, courts use the *national* CPI-U, which reflects the cost of living increase for all urban consumers. *See Pierce v. Underwood,* 487 U.S. 552, 571–72, 108 S.Ct. 2541, 2553–54 (1988); *Ramon–Sepulveda v. INS,* 863 F.2d 1458 (9th Cir.1988); *see also Harris v. Sullivan,* 968 F.2d 263, 265 (2d Cir.1992); *Dewalt v. Sullivan,* 963 F.2d 27, 28–29 (3d Cir.1992); *Sullivan v. Sullivan,* 958 F.2d 574, 575–77, nn. 1 & 6 (4th Cir.1992); *Uskokovic v. Sullivan,* 772 F.Supp. 387 (N.D.Ill. 1991); *Nadler v. INS,* 737 F.Supp. 658 (D.D.C.1989). As defendant argues, if Congress had wanted to allow for cost of living adjustments in a particular region or city, it could have done so in the statute.

Next, the court must determine the appropriate time period in which to measure the cost of living increase. The Ninth Circuit uses the most recent CPI-U to calculate the cost of living increase, rather than the CPI-U for the time period when the services were actually rendered. *See Ramon–Sepulveda v. INS,* 863 F.2d 1458 (9th Cir.1988); *see also Russell v. Sullivan,* 930 F.2d 1443 (9th Cir.1991). Applying the *Ramon–Sepulveda* formula to this case, the proper CPI would be the CPI-U for July 1992, which was 420.8. Thus, the appropriate rate would be:

$$\frac{\$75/\text{hour} \times 420.8 \ (\text{July 1992})}{279.9 \ (\text{CPI-U for Oct. 1981})} = \$112.75/\text{hour}.$$

The court will award attorney fees at this rate unless it is persuaded that special factors justify increasing the rate over the cost of living increase.

### 2. *Special Factors*

Plaintiff states that his attorney has over 17 years experience, that there are a limited number of qualified attorneys to do social security disability work in Hawaii, and that those attorneys would not be able to continue to represent social security claimants if the court did not award those attorneys competitive rates. Therefore,

plaintiff argues, plaintiff's attorney is entitled to competitive attorney rates.

Plaintiff's attorney, James T. Countiss, states in his affidavit that he was the managing attorney for social security cases at the Legal Aid Society from February 1986 to June 30, 1989, spending half of his time on social security cases. He has been in private practice since then, doing litigation and business law. At the time this case began, he regularly charged clients $140 per hour for attorney time, $65 per hour for paralegal time, and $20 per hour for staff time. He states that this is a competitive rate in the Honolulu legal community for attorneys with equivalent experience. He also states that there are few attorneys who represent social security disability claimants in civil actions to challenge wrongful denial or termination of benefits. The Hawaii Lawyer Referral Service lists five attorneys who do social security cases.

 The Ninth Circuit uses a three part test to determine whether a departure from the statutory cap is warranted because of "limited availability." *See Pirus v. Bowen,* 869 F.2d 536, 541–42 (9th Cir. 1989). Plaintiff must show (1) that his attorney had developed a practice specialty or possesses distinctive knowledge and skills, (2) that the distinctive knowledge and skills are necessary to the litigation in question, and (3) that similar skills could not have been obtained at the statutory rate. *Id.* It is not enough to show that an attorney has a high level of "general lawyerly knowledge and ability useful in all litigation." *Pierce v. Underwood,* 487 U.S. at 572, 108 S.Ct. at 2554. Nor is it enough to justify a higher market rate by showing that lawyers skilled enough to try the case are in short supply, since prevailing rates are always determined by the relative supply and quality of services. *Id.* 487 U.S. at 571, 108 S.Ct. at 2553. The customary billing rates in this community are not dispositive of the reasonableness of rates under the EAJA. *See, e.g., Nadler,* 737 F.Supp. at 662.

 Although plaintiff's attorney clearly has experience with social security law, he has not shown the requisite distinctive

knowledge and particular skills necessary to this litigation—a relatively straightforward, albeit procedurally complex, disability matter—to warrant a departure from the statutory rate. *Compare, e.g., Nadler v. INS,* 737 F.Supp. 658 (D.D.C.1989) (junior associate compensated at statutory rate adjusted for inflation; senior attorney with 37 years experience in immigration law and was a recognized expert). Moreover, the court notes that this area of law is a limited practice; there have been very few cases before the court challenging the denial of benefits. Therefore, the court finds no special factors warranting a billing rate higher than the statutory cap adjusted for inflation.

## C. PROPOSED STATE EXCISE TAX

 Plaintiff's fee calculations include a 4% state excise tax on fees for services rendered. Plaintiff cites no authority for the proposition that the EAJA allows for state tax claims against the U.S. government. As defendant points out, it is a well-settled principle that the United States is not liable for monetary damages absent specific Congressional authorization. Defendant analogizes taxes to interest, which is not recoverable against the government absent an express waiver of sovereign immunity. *See Library of Congress v. Shaw,* 478 U.S. 310, 106 S.Ct. 2957, 92 L.Ed.2d 250 (1986). The EAJA has no express provision for the recovery of taxes on attorneys fees, and therefore it must be strictly construed against recovery of taxes. The court therefore DENIES plaintiff's request for state excise taxes.

## CONCLUSION

The court finds that plaintiff is entitled to an award of reasonable attorney fees under the EAJA. Plaintiff has shown that he was a prevailing party and that he filed his fee application in a timely manner after the final judgment in the case. The government has failed to demonstrate that its position throughout this case was substantially justified.

As for the calculation of plaintiff's attorney fees, the plaintiff is hereby awarded

fees for all the attorney time and paralegal time documented: 96.98 hours of attorney time, 13.3 hours of paralegal time. The rate should be equal to the statutory cap, adjusted for inflation with the CPI–U for July 1992. No adjustment for special factors is warranted. No taxes are included.

Therefore, attorney fees should equal 96.98 hours at $112.75 per hour, which comes to $10,934.49. The statute does not provide a cap for paralegal fees, but the Ninth Circuit has held that paralegal rates are not applicable to time spent doing purely ministerial tasks. *See Burt v. Hennessey*, 929 F.2d 457 (9th Cir.1991) (§ 1988 claim) (citing *Missouri v. Jenkins*, 491 U.S. 274, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989)). Upon review of the time records, the court finds that the paralegal spent 2.5 hours doing ministerial tasks such as photocopying and hand deliveries. Those 2.5 hours are to be compensated at the staff rate of $20 per hour. The remaining 10.8 hours shall be compensated at the requested rate of $65 per hour. The total paralegal fees equal $752.00, making the TOTAL FEES awarded to plaintiff $11,686.49.

IT IS SO ORDERED.